No. 15,238.

FARMERS' DAIRY LEAGUE, INC. *v.*
CITY AND COUNTY OF DENVER ET AL.
(149 P. [2d] 370)

Decided May 22, 1944.

Mr. O. OTTO MOORE, Mr. EDWARD H. SHERMAN, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. ROBERT J. KIRSCHWING, Mr. WAYNE D. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF in error, proceeding as plaintiff, sought to enjoin the City and County of Denver and certain of its officers, defendants below and defendants in error here, from enforcing a certain ordinance of defendant City and County of Denver. The trial court ordered dismissal of the complaint, and gave judgment for defendants and against plaintiff.

It appears that plaintiff is, and for many years has been, engaged in the dairying business; that although all its business is carried on outside of the territorial limits of the City and County of Denver, a substantial part thereof is conducted within one mile of said limits; that December 23, 1941, the City Council of Denver, addressing itself to the regulation of the dairying business, enacted an ordinance, which, as alleged by plaintiff, was calculated to operate adversely to its interest and in violation of its legal rights. The ordinance reads as follows:

"Whereas, the said Council, after due investigation, has found and does hereby find:

"(a) That establishments selling milk or other dairy products within one mile of the limits of the City and County of Denver frequently sell the same to inhabitants of the said City and County for use and consumption therein;

"(b) That milk and other dairy products are foods which are especially susceptible to contamination by filth and disease-spreading germs;

"(c) That the selling or offering for sale of milk or other dairy products not produced, handled, processed and distributed in accordance with the ordinances of, and regulations of the health department of the said City and County, for use or consumption within said City and County constitutes an unwholesome business; and

"(d) That the health and welfare of the inhabitants of said City and County cannot effectively be protected against unwholesome and contaminated milk and other dairy products other than by regulation of the sale of milk and other dairy products within one mile of the limits of said City and County for use or consumption within said City and County.

"Now, therefore, be it further enacted by the council of the City and County of Denver:

"Section 1. It shall be unlawful for any person, firm or corporation, whether by an agent or employee or otherwise, to sell or offer for sale within one mile of the exterior limits of the City and County of Denver any milk or other dairy products not produced, handled, processed and distributed in conformity with the requirements of the ordinances of the City and County of Denver and the rules and regulations of the Health Department thereof pertaining to such commodities, when the person selling or offering the same for sale as aforesaid, or his agent or employee, knows or has reason to believe that such milk or other dairy products are be-

ing purchased for use or consumption within said City and County of Denver.

"Section 2. This ordinance shall not apply within the limits of other municipal corporations.

"Section 3. The Health Department of the City and County of Denver, in addition to the regular law enforcement officers of said City and County, shall be responsible for the enforcement of this ordinance.

"Section 4. Any person, firm or corporation who violates any provision of this ordinance shall upon conviction be fined in the sum of not more than three hundred dollars ($300.00) or be imprisoned in the county jail for a period not exceeding ninety days or be punished by both fine and imprisonment; and each violation of any of the provisions hereof shall be deemed a separate offense for each day or portion thereof, in which said violation is committed, continued or permitted.

"Section 5. If any section, subsection, paragraph, sentence, clause or phrase of this ordinance is for any reason held or decided to be unconstitutional, such decision shall not affect the validity of the remaining portions of this ordinance. The City Council hereby declares that it would have passed this ordinance and each section, subsection, sentence, clause and phrase thereof, irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases might be declared unconstitutional.

"Section 6. In the opinion of the Council, this ordinance is necessary for the immediate protection and preservation of the public health, safety, convenience and general welfare, and it is enacted for that purpose and shall be in full force and effect immediately after its passage and publication."

Plaintiff alleges that the ordinance is unconstitutional, incapable of enforcement, and wholly void for various reasons, all amply set forth. It further alleges, that, unless restrained therefrom, defendants, proceed-

ing pursuant to the ordinance, will "file a complaint and institute actions against the plaintiff * * *, for the purpose of recovering fines and penalties mentioned therein for alleged violations of said ordinance, and will continue from time to time to institute such proceedings, and thereby create and carry on a multiplicity of suits against the plaintiff, and compel the plaintiff to expend large sums of money to defend against said actions, by reason of which said conduct the business of the plaintiff will be seriously impaired and damaged and irreparable injury will be done the plaintiff, and the plaintiff has no plain, speedy or adequate remedy at law." Defendants, answering in full form, deny that the ordinance in question is unconstitutional, incapable of enforcement, or void for any reason whatever, but admit that unless restrained from so doing, they intend "to proceed with the enforcement of said ordinance against the plaintiff in case he [sic] violates same." By further answer, defendants say that the complaint fails to state a claim upon which relief can be granted. The evidence adduced consisted solely of exhibits, "A" and "B" introduced by plaintiff, and "1" by defendants. "A" contained the municipal ordinances regulatory of the dairy business in Denver, and "B" sets forth the state statutes regulating the dairy business and the rules and regulations adopted by the State Dairy Commissioner pursuant thereto. "1" is a copy of the municipal ordinance of Denver establishing a municipal court, and naming the persons who shall have authority to serve process issued out of said court. None of the exhibits was abstracted.

The gravamen of the complaint is that the ordinance involved, penal in its terms, is illegal and void, predicated whereon plaintiff seeks to enjoin its enforcement. Such actions are not permissible. *Denver v. Beede,* 25 Colo. 172, 54 Pac. 624. "The judicial enforcement of a penal ordinance cannot be inhibited by a court of equity." *Canon City v. Manning,* 43 Colo.

144, 95 Pac. 537. In *Brunstein v. Fort Collins*, 53 Colo. 254, 125 Pac. 119, it was alleged that certain ordinances "concerning the question of intoxicating liquors, were absolutely null and void, and that the defendants in error [Fort Collins and its officers] are without any power or authority to enforce such ordinances," and it was sought to restrain them. We announced that it was "not only unnecessary but also improper in this kind of a case to pass upon the validity of" the ordinances. The same cases emphasize the doctrine that in relation to penal ordinances, complainants, challenging their validity, may urge their every objection in defense of proceedings instituted against them. In short, such complainants have an adequate and complete remedy at law. See, also, 28 Am. Jur., p. 374, §186. "A court of equity will not assume that the court before whom the prosecution is had will sustain the ordinance, if invalid, nor that the city officers will continue to harass the defendant with further arrests if acquitted on that ground." *Brunstein v. Fort Collins, supra.* "Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation." 32 C.J., p. 280, §443. In section 444 of the same text, and where *Denver v. Beede, supra,* and *Brunstein v. Fort Collins, supra,* are cited, it is said: "This general rule is based upon the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement, and not usurp, the functions of the courts of law, that to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses would constitute an invasion of the courts of common law, and on the fact that the party has an adequate remedy at law by establishing as a defense to the prosecution that

he did not commit the act charged, or that the statute or ordinance on which the prosecution is based is invalid, and, in case of conviction, by taking an appeal. It has also been assigned as a reason for the rule that as a matter of public policy the court should not interfere with the rights of the public seeking the enforcement of the law." Mr. Justice Burke discussed the controlling doctrine at considerable length in *Walker v. Begole,* 99 Colo. 471, 63 P. (2d) 1224, and aptly observed that one charged with many violations may not "shortcut to the point by injunction against the district attorney." The rule "has been applied alike whether the prosecutions or arrests sought to be restrained arose under statutes of the state, or under municipal ordinances." *In Re Sawyer,* 124 U.S. 200, 211, 8 Sup. Ct. 482, 31 L. Ed. 402. It is not fitting, we think, that one impliedly purposing to violate a penal ordinance, as here, should enjoy predetermination at the hands of a court, which, whatever its conclusion as to the legality of the ordinance, is powerless to adjudge its enforcement. The trial court rightly denied relief, but should not have given attention to the merits of the matter. Rather, as we are convinced, plaintiff should have been left to choose its course, that is to say, observe the ordinance, or, proceeding in the faith of its allegations here, challenge the city to take steps in the faith of its contentions. In the resulting situation, the parties would be before a court appropriately functioning, and competent fully to adjudge and award needful legal writs.

Let affirmance be ordered, but without prejudice to plaintiff's right to raise any or all of the objections here interposed, and additional ones, as advised, in any proceeding or prosecution which may be instituted for or on account of any alleged violation of the questioned ordinance.