No. 16,230.

COVER *v.* CITY AND COUNTY OF DENVER ET AL.

(211 P. [2d] 830)

Decided September 19, 1949.   Rehearing denied November 7, 1949.

Mr. GEORGE T. EVANS, for plaintiff in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, Mr. MALCOLM LINDSEY, Mr. DAVID V. DUNKLEE, for defendants in error.

Mr. WILBUR ROCCHIO, amicus curiae.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

THIS inquiry has to do with plaintiff in error's application to the city council of the City and County of Denver for a liquor license. The distinguished trial jurist, holding that the record here parallels that of

*Reed v. Blakley, et al.,* 115 Colo. 559, 176 P. (2d) 681, on authority thereof adjudged adversely to plaintiff in error. We are in accord with the trial court's findings as to the factual situation, and since we are not disposed to depart from the doctrine of the cited case, order of affirmance is in order.

We are not unmindful, indeed, we are appreciative, of the earnestness of counsel in behalf of plaintiff in error. His brief, which has had our careful attention, is exhaustive, and, even as was the brief by the same counsel in Reed v. Blakley, is not a little appealing. But, as in the earlier inquiry, so here, we think that the manager of safety and excise, precisely as we said there, and "only that official, and not the city council, has authority to act upon applications of the nature of the one here under consideration."

We pause to note, that, while the city council voted unanimously that it was without authority to grant the license sought by plaintiff in error, six of the members thereof, namely, Blakley, Fresques, Harrington, Mapel, Marranzino and Stafford, appearing by private counsel, Wilbur Rocchio, Esquire, emphasizing their contention that the city council has the requisite authority in the premises, joins in plaintiff in error's brief. Again following the Reed-Blakley case, we note Mr. Rocchio's appearance as that of counsel similarly appearing in that case.

Let the judgment be affirmed.

MR. JUSTICE HAYS and MR. JUSTICE ALTER concur.

MR. JUSTICE MOORE specially concurs.

MR. JUSTICE JACKSON, MR. JUSTICE STONE and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE MOORE specially concurring.

The case of *Reed v. Blakley, et al.,* 115 Colo. 559, 176 P. (2d) 681, was determined by our court January 14,

1947. The majority of the court reached a conclusion in that case with which I could not have agreed had I been participating in the determination of the cause; however it received the consideration of all the members of the court as the same was then constituted. The rule there announced should not be overthrown and another substituted in its stead, simply because it might not be in harmony with the views of an individual judge who took office at a time subsequent to that determination. This court, in *Reed v. Blakley, supra,* with all justices participating, decided the issue here raised, and the opinion therein is stare decisis of every question presented by the record in the instant proceeding.

A change in personnel of the court should not have the effect of raising doubts concerning the finality of determinations theretofore recently made by a divided court. If the rule as announced in the Reed case leaves something to be desired a change can be effected by adoption of appropriate amendments to the law as construed in the Reed case.

Solely upon the ground of stare decisis I concur in the disposition of this cause.