289 P.2d 162 (1955)
The COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS et al., Plaintiffs in Error,
v.
Louis E. RICO, Defendant in Error.
No. 17529.
Supreme Court of Colorado, En Banc.
October 24, 1955.
Duke W. Dunbar, Atty. Gen., Frank A. Wachob, Deputy Atty. Gen., Omer L. Griffin, Jack E. Kennedy, Assts. Atty. Gen., for plaintiffs in error.
Sutton, Aman & Enoch, Colorado Springs, for defendant in error.
F. Richard Hite, Denver, amicus curiae.
*163 MOORE, Justice.
We will hereinafter refer to plaintiffs in error as the board, and to defendant in error by name.
The action involves consideration of chapter 10, C.R.S.1953, which provides for the licensing and regulation of persons practising architecture, and which was enacted by the legislature in 1953 and became effective March 31 of that year.
In the complaint filed by Rico it was alleged that he was a practising architect in Colorado Springs; that the individual defendants were acting as a purported Board of Examiners of Architects in Colorado under authority of the statute above mentioned; that prior to the enactment of said Act he lawfully engaged in the practice of architecture and that following the effective date of the Act he filed his application for an architect's license within the time and in the manner prescribed thereby; that his said application was denied by the board; that he has demonstrated to the board by exhibits, experience, performance and training in the profession, that he possessed the minimum qualifications necessary to be licensed without oral or written examination, as set forth in the Act in question, and that notwithstanding his qualifications the board refused to issue him a license thereby depriving him of a valuable property right without due process of law; and that the Act in question is unconstitutional.
Numerous grounds upon which Rico bases his contention that the Act is unconstitutional are set forth in the complaint. Following those specifications the complaint contains, inter alia, the following:
"That as to this Plaintiff, the Defendants have acted arbitrarily, capriciously and to the great detriment of this Plaintiff in refusing to issue him a license to practice architecture after proper application therefor and proper submission of his qualifications, and that such acts and actions by said Board are unlawful and unconstitutional.
"That unless said Board and any person or persons acting in concert or active participation with it or under its direction are restrained from interfering with the practice of architecture by this Plaintiff, this Plaintiff will be in continual danger of being charged with violating said alleged law, and will suffer immediate and irreparable injury, a multiplicity of suits, prosecutions and penalties, and loss and damage for which there is no adequate and speedy remedy at law."
The prayer of the complaint, generally, is that the trial court declare the Act to be "null, void and unconstitutional," or, in the event the Act is upheld that relief under Rule 106, R.C.P.Colo., be granted to Rico and that the board be required to issue a license to him, and that, whether the Act be held unconstitutional or not, "* * * the defendants, their agents, servants, employees, attorneys and those persons in active concert and participating with them, be restrained from interfering with the practice of architecture in the State of Colorado by this Plaintiff, and that to this end and purpose the Court issue a temporary and permanent injunction against the defendants and such other persons."
The trial court adjudged and decreed, "* * * that the Architects Law of 1953, Chapter 38, Session Laws of 1953, is unconstitutional and invalid."
The memorandum opinion of the trial court consists of more than twenty pages of typewritten matter which reflect a careful analysis and study of the serious questions of constitutional law argued upon the trial. The action was determined by the trial court solely on the merit of these constitutional questions and it is apparent that no other issue was seriously urged although the pleadings presented a question as to whether, assuming constitutionality, the board acted arbitrarily or capriciously in denying Rico's application for a license.
In this Court no question is raised and no argument is advanced on any issue except that bearing upon the question of constitutionality.
Question to be Determined.
In this action for declaratory judgment and injunctive relief against the Colorado *164 State Board of Examiners of Architects, wherein it is sought to invoke the equity powers of the court; will this Court enjoin the board, charged with the administration of an act of the legislature, from performing its duties under such statute on the ground that the legislative act, which carries penalties for violation thereof, is at variance with the provisions of the Constitutions of Colorado or of the United States?
The question is answered in the negative. The statute involved in the instant case provides a penalty to be imposed upon any person found guilty of practicing architecture without a license. Reduced to its substance, the position of Rico is that he possesses the qualifications of an architect; that for some time prior to the adoption of the statute in question he was engaged in following that profession; and that there is no valid licensing law by which he can be prevented from carrying on his business. At the time he commenced his action no case had been instituted against him to enforce the penalty of the law. If his counsel are correct in their contentions that the Act is unconstitutional then he has a good defense to any such action and an adequate remedy at law.
We think that the opinion of this Court in the case of Farmers' Dairy League, Inc., v. City and County of Denver, 112 Colo. 399, 149 P.2d 370, 371, is here applicable and controlling. In that case the City of Denver had passed an ordinance declaring that it was unlawful for any person to sell dairy products within one mile of the city limits unless such products were produced and handled in conformity with the requirements of the city and the regulations of the health department thereof. Plaintiff in that action had been engaged in the dairy business for many years and carried on all its business outside the city limits, but a substantial part thereof was conducted within one mile of said limits. We quote from the opinion in that case the following:
"Plaintiff alleges that the ordinance is unconstitutional, incapable of enforcement, and wholly void for various reasons, all amply set forth. It further alleges, that, unless restrained therefrom, defendants, proceeding pursuant to the ordinance, will `file a complaint and institute actions against the plaintiff * * *, for the purpose of recovering fines and penalties mentioned therein for alleged violations of said ordinance, and will continue from time to time to institute such proceedings, and thereby create and carry on a multiplicity of suits against the plaintiff, and compel the plaintiff to expend large sums of money to defend against said actions, by reason of which said conduct the business of the plaintiff will be seriously impaired and damaged and irreparable injury will be done the plaintiff, and the plaintiff has no plain, speedy or adequate remedy at law.' Defendants, answering in full form, deny that the ordinance in question is unconstitutional, incapable of enforcement, or void for any reason whatever, but admit that unless restrained from so doing, they intend `to proceed with the enforcement of said ordinance against the plaintiff in case he (sic) violates same.'
* * * * * *
"The gravamen of the complaint is that the ordinance involved, penal in its terms, is illegal and void, predicated whereon plaintiff seeks to enjoin its enforcement. Such actions are not permissible. City of Denver v. Beede, 25 Colo. 172, 54 P. 624. `The judicial enforcement of a penal ordinance cannot be inhibited by a court of equity.' Canon City v. Manning, 43 Colo. 144, 95 P. 537, 538, 17 L.R.A.,N.S., 272. In Brunstein v. City of Fort Collins, 53 Colo. 254, 125 P. 119, 120, it was alleged that certain ordinances `concerning the question of intoxicating liquors were absolutely null and void, and that the defendants in error (Fort Collins and its officers) are without any power or authority to enforce such ordinances,' and it was sought to restrain them. We announced that it was `not only unnecessary but also improper in this kind of a case to pass upon the validity of' the ordinances. The same cases emphasize the doctrine that in relation *165 to penal ordinances, complainants, challenging their validity, may urge their every objection in defense of proceedings instituted against them. In short, such complainants have an adequate and complete remedy at law. See, also, 28 Am.Jur. p. 374, § 186. `A court of equity will not assume that the court before whom the prosecution is had will sustain the ordinance, if invalid, nor that the city officers will continue to harass the defendant with further arrests if acquitted on that ground.' Brunstein v. City of Fort Collins, supra. `Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation.' 32 C.J., p. 280, § 443. * * * The rule `has been applied alike whether the prosecutions or arrests sought to be restrained arose under statutes of the state, or under municipal ordinances.' In Re Sawyer, 124 U.S. 200, 211, 8 S.Ct. 482, 488, 31 L.Ed. 402. It is not fitting, we think, that one impliedly purposing to violate a penal ordinance, as here, should enjoy predetermination at the hands of a court, which, whatever its conclusion as to the legality of the ordinance, is powerless to adjudge its enforcement. The trial court rightly denied relief, but should not have given attention to the merits of the matter. * * *"
Applying the foregoing to the instant case, and paraphrasing other portions of that opinion to conform to the facts now before us, we conclude that Rico should have been left to "choose his course, that is to say, observe the statute, or, proceeding in the faith of his allegations here, challenge the state to take steps in the faith of its contentions. In the resulting situation the parties would be before a court appropriately functioning, and competent fully to adjudge and award needful legal writs."
The judgment is reversed and the cause remanded with directions to dismiss Rico's complaint; said dismissal to be without prejudice to Rico's right to raise any and all of the objections here interposed, or additional ones, as he may be advised, in any proceeding or prosecution which may be instituted against him for or on account of any alleged violation of the questioned statute.