Eugene R. ROWLAND (Plaintiff), Respondent,

v.

CITY OF ST. LOUIS, Missouri, a Municipal Corporation, Raymond R. Tucker, Mayor of the City of St. Louis, Missouri, and Joseph T. Hayden, License Collector of the City of St. Louis, Missouri (Defendants), Appellants.

No. 30124.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

Charles J. Dolan, Acting City Counselor, Eugene P. Freeman, Associate City Counselor, St. Louis, for appellants.

Lewis, Rice, Tucker, Allen & Chubb, John Torrey Berger, Louis Glaser, St. Louis, for respondent.

RUDDY, Judge.

This is an action for a declaratory judgment against the City of St. Louis and the Mayor and License Collector of said city in their official capacities. From a decree and judgment in favor of the plaintiff the defendants have appealed.

Plaintiff disclaims any interest in being appointed as a City Surveyor, the equivalent to that of a County Surveyor. The real issues do not touch on any function of the City of St. Louis as a political subdivision, therefore, appellate jurisdiction is in this court. Holland v. City of St. Louis, Mo., 262 S.W.2d 1.

It is alleged in the petition of plaintiff that he is a land surveyor and civil engineer registered and licensed to do business in the State of Missouri and is a resident of the City of Kirkwood, Missouri, with an office in the City of Clayton, Missouri.

It is further alleged in said petition that plaintiff has been and is now desirous ot doing surveying work within the City of St. Louis and made application to the License Collector of the City of St. Louis and was advised by him that he was without authority to issue such a license and plaintiff was told that said license must be obtained from the Mayor of the City of St. Louis; that "by means of letters dated November 9, 1956, and November 14, 1956, plaintiff made application to the Defendant Mayor of the Defendant City for a license which would allow him to do surveying work within the limits of the Defendant City."

It is further alleged that on December 6, 1956, the attorney for the plaintiff received a letter from the Administrative Assistant to the Mayor of the City of St. Louis informing the plaintiff that he could "be appointed a City Surveyor only upon the condition that the said plaintiff established his residence within the city limits of the Defendant City."

It is then pleaded by plaintiff that he stood ready and able to fulfill all of the legal and reasonable requirements necessary to obtain the said surveying license and so advised the License Collector and Mayor of the City of St. Louis, but the said License Collector and Mayor of the City of St. Louis have repeatedly refused and still refuse to grant said license to the plaintiff or to appoint plaintiff as a City Surveyor for the sole and stated reason that plaintiff is not a resident of the City of St. Louis.

Plaintiff in his petition pleads Section 71.610 RSMo 1949, V.A.M.S., which prohibits a municipal corporation from imposing a license tax upon any business avocation, pursuit or calling if the said business avocation, pursuit or calling is not specially named as taxable in the charter of such municipal corporation.

The following provisions from the Charter, the Charter Schedule, and the Charter Scheme of the City of St. Louis are then pleaded in said petition:

Article XX, Section 1 of the Charter, which enumerates businesses and occupations specifically taxable by license.

Article XXV, Section 11 of the Charter, which reads as follows: "City Surveyors.—The mayor may appoint any number of civil engineers as city surveyors for a term of four years, whose duties and powers shall be as provided by law in regard to county surveyors. Each city surveyor shall, when appointed, give bond to the city for fifteen thousand dollars, conditioned for the faithful performance of his duties. Such bond may be sued upon by any person injured by the official acts of such surveyor."

Section 12 of the transitional Schedule provisions of the Charter providing for the continuance of terms of incumbents in the office of city surveyor under the new Charter.

Section 16 of the original Scheme of separation of governments of the City and St. Louis County, concerning city and county surveyors.

The plaintiff then pleads the following Sections of Article XIII of Chapter 13 of the Revised Code of the City of St. Louis:

"Sec. 86. License required.—No person shall engage in the business of surveying lands for the purpose of determining boundaries without first having obtained a license from the license collector. (Sec. 1505 of Ordinances of 1936.)

"Sec. 87. Application to be made to license collector; contents of application.—The application for a license to engage in the business of surveying lands for the purpose of determining boundaries shall be made in writing to the license collector, and shall state the name of the applicant, the place of business of the applicant, and the maximum number of draughtsmen employed by the applicant during the twelve months preceding the first of May of any year. (Sec. 1506 of Ordinances of 1936.)

"Sec. 88.—When city surveyor's license shall be issued; amount of fee; period of validity.—The license collector is hereby authorized and directed to issue one city surveyor's license to a person upon receipt of the sum of twenty-five dollars; provided, that the applicant has furnished sufficient evidence that he is a legally appointed city surveyor, and that the bond as required by section eleven article twenty-five of the Charter of the city, is in force and approved by the city counselor and the comptroller and filed in the city register's office.

"The license fee of twenty-five dollars shall cover the period of one year only and the license fee shall be renewed on the first day of May of each year. (Ordinance No. 41921.)

"Sec. 89. License to be displayed; plats, etc. to bear license number.— The certificate of the license provided for in this article shall be conspicuously displayed in the place of business of the licensee.

"All plats, drawings and maps, as prepared by the city surveyor which show the results of any survey where land boundaries are involved, shall have the number of the license certificate plainly affixed below the surveyor's seal. (Ordinance No. 41921.)"

It is further alleged in said petition "That the Defendant City has refused to issue to the Plaintiff the license in question on the sole ground that the ordinances and statutes here and before cited, as interpreted by the Defendant City and the Defendant Mayor and the Defendant License Collector, do not permit a surveyor's license to be issued to persons who are not residents of the Defendant City."

It was then alleged by plaintiff that the refusal of the defendants to issue a surveyor's license was unconstitutional, arbitrary, discriminatory and unreasonable.

Plaintiff's petition concludes with a prayer for declaratory and mandatory injunctive relief, specifically asking the court to find that "as the occupation or business of surveying was not specifically listed in the charter of the Defendant, City of St. Louis, as being such an occupation or business upon which a license tax could be imposed, the Defendant City cannot lawfully license or tax the occupation or business of surveying." That the refusal of the City of St. Louis and its Mayor and License Collector to issue a surveyor's license to the plaintiff because of non-residency is arbitrary, capricious, discriminatory, unconstitutional and void; "that even if this court should find that the Defendant City does have the authority to license or tax the occupation or business of surveying, that under the Revised Code of the City of St. Louis, Article XIII, Sections 86 and 87, the Plaintiff is entitled to and should be issued a license to do surveying work within Defendant City, and that said Defendant License Collector of the Defendant City be ordered to issue the said license to the Plaintiff," and that the court make such other and further orders as to the court may seem just and proper.

The defendants filed a motion to make more definite and certain a number of the paragraphs of the petition; a motion to strike the said paragraphs; and a motion to dismiss the petition for failure to state a claim upon which relief could be granted. All of the motions were overruled by the trial court. The defendants then filed an answer admitting the existence of Section 71.610 RSMo 1949, V.A.M.S., and Article XX, Section 1 of the Charter of the City of St. Louis and denied each and every other allegation set out in plaintiff's petition.

The only witness to testify in the case was the plaintiff, Eugene R. Rowland, who said he lived in Kirkwood, Missouri, and was an engineer and surveyor with an office in Clayton, Missouri. Plaintiff is licensed in this state as a registered engineer and as a registered surveyor. His license was obtained from the State Board of Registration for Architects and Engineers. He did some surveying work in the City of St. Louis approximately a year before he gave his testimony. On the day he performed the aforesaid work in the City of St. Louis he said "I received a call from the Prosecuting Attorney's Office of the City of St. Louis threatening me, to put me in jail if I did it again." He has not done any surveying work in the city since receiving this warning. He has had numerous requests to make surveys in the City of St. Louis since this incident. The work requested was to make property line surveys, financing surveys and also to submit bids on Federal projects.

Plaintiff never had any kind of license to do surveying work within the City of St. Louis. He said he did not have a general

surveyor's license or a city surveyor's license. He testified that he went to the Office of the License Collector of the City of St. Louis and applied for a license to do surveying work within the limits of said city and on that occasion he was told that he had to be a resident of the City of St. Louis. This was the only reason given for not granting a license to him. Subsequently, in the company of his attorney, John Torrey Berger, he again applied to the Office of the License Collector of the City of St. Louis for a license to do general surveying work. When asked what type of surveying work he wanted to do within the city limits he said "property surveying," further explaining that he meant demarcation of property lines, topographical work and cross sections. He stated that "all surveying is more or less built around these three items." He said he wanted this license to do the general surveying work as a "private practitioner." At this point in plaintiff's testimony an objection was made to this answer on the ground that there was "no proof or statement in the petition of plaintiff that there is such a license to which he could apply for." The court overruled the objection and in doing so, said, "I think possibly that is the issue in the case, whether or not there is a general surveyor's license under our ordinances. I will overrule the objection."

Thereafter plaintiff was asked "Did you ever apply for a city surveyor's license?" and he answered "Not specifically, no, sir," further stating he did not ask for a city surveyor's license, but merely asked for a "surveyor's license." On the occasion when he went to the Office of the License Collector with his lawyer he was told by the License Collector that a surveyor was considered to be a city official and that he had to get an appointment from the Mayor of the City of St. Louis. He and his attorney then went to the Mayor's office and saw a Mr. Golterman who was an assistant to the Mayor. There he renewed his request for a surveyor's license and was told by Mr. Golterman "there has been considerable agitation over the question, but it still required an applicant to be a resident of the City of St. Louis to qualify," adding, however, that "he would investigate it further." Thereafter Mr. Golterman told the plaintiff that he should write a letter to the Mayor of the City of St. Louis in the form of an application for a license. Plaintiff's attorney wrote a letter to the Mayor of the City of St. Louis wherein he pointed out that his client had been requested to do surveying of property located within the City of St. Louis and "it is his (client's) desire at the present time to procure from the City of St. Louis a license to do this work." In this letter it was further stated, "Mr. Rowland and I were in your office last week and were prepared at that time to do all the necessary requisite requirements for obtaining a surveyor's license. We were told at that time by Mr. Golterman that it would be necessary to write a formal letter of application directly to you in regard to this matter and herewith I make that said application."

Thereafter Mr. Golterman wrote to the attorney for plaintiff as follows:

"With further reference to your letter of November 9, 1956, in which you requested that Mr. Eugene R. Rowland, of 16 North Central Street, Clayton, Missouri, be appointed a City Surveyor, I enclose a letter from Associate City Counselor, Thomas F. McGuire, on this subject.

"You will note that the City Counselor's office states that the Mayor could appoint Mr. Rowland as a City Surveyor only if a waiver of residence would be granted by the Civil Service Commission, and if Mr. Rowland becomes a resident of the City of Saint Louis upon appointment and remains a resident for the duration of the term."

In his testimony plaintiff stated that he was ready to fulfill all and any requirements which the city may impose upon him other than the taking up of residence within the City of St. Louis.

On cross-examination when defendants' attorney pointed out that the letter of Mr. Golterman denied a license as a City Surveyor, the witness said that "the term City Surveyor is used quite loosely." Again the witness said that he did not ask for a City Surveyor's license and that he was only interested in getting a license for the private practice of surveying. Plaintiff admitted that he did not offer to pay the $25 fee called for under Section 88 of Article XIII of the Revised Code of the City of St. Louis, nor did he offer to give bond to the city for $15,000 as called for in Section 11, Article XXV of the Charter of the City of St. Louis.

The trial court in its decree found that plaintiff was duly registered as a land surveyor with the right to engage in the practice of land surveying throughout the State of Missouri; that the occupation or business of land surveying is not specifically listed as being subject to a license tax in the Charter of the City of St. Louis, and, therefore, pursuant to Section 71.610 RSMo 1949, V.A.M.S., such occupation or business cannot lawfully be made subject to a license tax by an ordinance of the City of St. Louis; that Article XIII, Sections 86 through 89, Revised Code of the City of St. Louis refer only to the office of City Surveyor and does not preclude plaintiff from engaging in the general practice of land surveying without such City Surveyor's license and any contention that plaintiff is so precluded is unreasonable, arbitrary, discriminatory, illegal, unconstitutional and void.

The trial court in its decree further found that plaintiff has the right to practice land surveying and to engage in the business of land surveying within the City of St. Louis without the need of a license and enjoined the defendants, their agents and successors from enforcing Article XIII of the Revised Code of the City of St. Louis so as to preclude plaintiff from engaging in the general business of land surveying within the City of St. Louis.

In the first point relied on by defendants they contend plaintiff's petition fails to state a claim upon which relief could be granted. It is their contention that the petition is ambiguous because, as they say, two pertinent concepts are employed in the allegations of the petition. The two concepts being an "appointment as a 'City Surveyor'" and an application for "a license to engage in 'surveying work.'" They assert that nowhere in the statement of the claim is it discernible whether the plaintiff feels that his rights have been transgressed by a refusal of an appointment as a City Surveyor or a refusal of a license to do surveying work.

In determining the cause of action intended to be pleaded we may consider the relief sought, in addition to the allegations of fact contained in the petition. Kemp v. Woods, 363 Mo. 427, 251 S.W.2d 684, loc. cit. 688. The prayer of plaintiff's petition asks that the City of St. Louis be ordered to issue a license to the plaintiff if Sections 86 and 87 of Article XIII of the Revised Code of the City of St. Louis give to said city the authority to license or tax the occupation or business of surveying. The license sought by the plaintiff was one to engage in surveying in the City of St. Louis if such a license was needed. The allegations of plaintiff's petition show that when he was advised by the License Collector the license he requested must be obtained from the Mayor, plaintiff, through his attorney, wrote the Mayor asking "for a license which would allow him to do surveying work within the limits" of the City of St. Louis. It is true one of the allegations in plaintiff's petition complains that the City of St. Louis refused to appoint him as a City Surveyor. However, it is clear that the use of this language came from the misconstruction placed on plaintiff's request by the city authorities. We think the petition with the prayer considered makes it reasonably clear that plaintiff was seeking a license to engage in surveying work as distinguished from the public office of a City

Surveyor. The confusion arises from the ambiguous language used in Sections 86, 87 and 88 of Article XIII of the Revised Code of the City of St. Louis. The first two sections require a person seeking to engage in the business of surveying lands for the purpose of determining boundaries to obtain a license from the License Collector. Section 88 prohibits the issuance of such a license if the applicant has not been legally appointed a City Surveyor. Proof of the ambiguous nature of these sections of the Ordinances can be found in the statement of Mr. Golterman to the plaintiff when he applied for a surveyor's license. Plaintiff was told by Mr. Golterman, "there has been considerable agitation over the question but it (ordinance) still required an applicant to be a resident of the City of St. Louis to qualify * * * ."

■■ Defendants further contend that if the sole basis of plaintiff's petition is the refusal by the defendants to issue a license to plaintiff that would authorize him to engage in the business or occupation of surveying within the City of St. Louis, such refusal can only be illegal or wrongful in the event such a license is contemplated in law and the defendant was entitled thereto. Before discussing this contention we point to certain Sections of the Revised Statutes of Missouri, 1949, authorizing declaratory judgments.

Sec. 527.020 provides that: "Any person * * * whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Sec. 527.120 provides that: "This law is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

It is now the position of defendants that Sections 86 through 89 of Article XIII of the Revised Code of the City of St. Louis are solely related to the appointive office of City Surveyor and that no license is required to pursue the occupation or business of surveying as a private practitioner; therefore, defendants' refusal to issue a surveyor's license other than that for a City Surveyor was not wrongful. However, this was not the position of defendants, as shown by plaintiff's petition, at the time plaintiff applied to them for a license. The petition shows that plaintiff applied for a license which would allow him to do surveying work within the limits of the City of St. Louis. This application was made on the supposition that such a license was required under the provisions of Sections 86 and 87 of Article XIII of the Revised Code of the City of St. Louis. Defendants entertained the same understanding for it is alleged in plaintiff's petition that he was told by the License Collector such a license must be obtained from the Mayor of the City of St. Louis. He was not told that a license to do surveying work was not necessary. The allegation in plaintiff's petition that destroys the efficacy of defendant's present position is the assertion that defendants refused to issue the license applied for on the sole ground that the statutes and ordinances did not permit the issuance of a surveyor's license if the applicant was not a resident of the City of St. Louis. The denial of a license was not predicated upon the ground that no license was necessary. The sole ground given was plaintiff's failure to be a resident of the City of St. Louis. It was so alleged in the petition. Also, the denial of a license to plaintiff on the ground stated was subject to the interpretation that the authorities of the City of St. Louis had construed the ordinances to limit the business of surveying within the limits of the City of St. Louis to those appointed as City Surveyors and that a person not a resident of the city could not be appointed a City

Surveyor; therefore, such a person could not carry on the occupation or business of surveying within the limits of the City of St. Louis.

The allegations of plaintiff's petition show that his right to pursue his profession as a surveyor in the City of St. Louis was affected by the construction placed on the ordinances by the defendants. Uncertainty with respect to his right to practice surveying in the City of St. Louis was present and the danger and insecurity of his position should he do surveying work within the City of St. Louis without a license was obvious. The petition shows there was present a controversy between plaintiff and the defendants. The declaratory judgment statutes are remedial in character. It is their purpose to afford relief from uncertainty and insecurity. These statutes are to be liberally construed. Stewart v. Shelton, 356 Mo. 258, 201 S.W.2d 395; Section 527.120 RSMo 1949, V.A.M.S.. We rule that plaintiff's petition did state a claim upon which relief could be granted under the declaratory judgment statutes.

In another point relied on by the defendants it is contended that the pleadings and proof in the case did not present a justiciable controversy. Before answering this contention, it should be noted that the allegations of plaintiff's petition were sustained by the proof. In addition to what we have said about the allegations in the petition, plaintiff's proof showed he was threatened with prosecution if he continued to do surveying work in the City of St. Louis. While it was not shown this warning was initiated by the defendants, the warning was such as to make it necessary that plaintiff ascertain his right to continue surveying work within the limits of the City of St. Louis. The first step in the ascertainment of this right was his application to the city authorities for a license to do surveying work within the city.

The proof also showed, as we have pointed out, that Mr. Golterman, Administrative Assistant to the Mayor of the City of St. Louis, thought plaintiff was not entitled to receive the license he applied for if he was not a resident of the City of St. Louis.

Plaintiff had been warned not to continue his surveying work within the limits of the City of St. Louis. He wanted to engage in land surveying within the City of St. Louis and because of the warning and the language of the City Ordinances he supposed that he had to first obtain a license. Apparently the License Collector and the Administrative Assistant to the Mayor indulged in the same supposition. As we have said, when plaintiff applied for the license he was told that in order to obtain the license requested he would have to be a resident of the City of St. Louis. He was not a resident of the City of St. Louis and thus he was being denied the right to engage in land surveying within said city. We think the pleadings and proof clearly show there was a controversy over plaintiff's right to pursue surveying work within the limits of the City of St. Louis. We think this controversy was a justiciable controversy and justified plaintiff's resort to the declaratory judgment statutes so that the existing controversy may be judicially determined. Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70.

The final point relied on by defendants is that the proof failed to establish the defendants had unlawfully interfered with plaintiff's right to engage in the business of land surveying. In this connection they say there is an absence of proof that the defendants ever did anything to indicate the plaintiff did not have the right to engage in surveying in the City of St. Louis. In our discussion of the previous points it is sufficiently shown that the defendants did indicate plaintiff did not have the right to engage in surveying work within the limits of the City of St. Louis if he was not a resident of the City of St. Louis and was not appointed as a City Surveyor.

We agree with the contention of the plaintiff that it must have been clear to the License Collector and to the Mayor of the City of St. Louis and his Administrative

Assistant, Mr. Golterman, that plaintiff wanted to engage only in private land surveying work within the City of St. Louis. In effect, they told him that he could not do this work unless he was a resident of the City of St. Louis and qualified by appointment as a City Surveyor. As we have said in connection with the other points, there was present a sufficient factual controversy to have his right to practice surveying work within the City of St. Louis determined by a declaratory judgment action.

Finding no error, the judgment and decree of the trial court should be affirmed. It is so ordered.

WOLFE, P. J., concurs.

ANDERSON, J., not sitting.