No. 19,655.

ALLEN W. MEIER, ETC., ET AL. *v.* JOHN M. SCHOOLEY, MANAGER OF SAFETY AND EXCISE, CITY AND COUNTY OF DENVER.
(363 P. [2d] 653)

Decided July 10, 1961. Rehearing denied July 31, 1961.

Messrs. Henry and Keating, for plaintiffs in error.

Mr. Donald E. Kelley, City Attorney, Mr. Ty R. Williams, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiffs in error were plaintiffs in the trial court and we will refer to them as such. Defendant in error is the Manager of Safety and Excise for the City and County of Denver and as such is the officer charged with authority to issue licenses of the kind involved in this controversy. He will be referred to as the Manager.

Plaintiffs alleged that each of them owned a retail pharmacy in Denver and as part of their business operated a soda fountain and lunch counter; that pursuant to the laws of the State of Colorado they applied for, and were issued, a restaurant license by the Department of Public Health of the State of Colorado; that under an ordinance of the city of Denver they are required to obtain a similar license from the city; that the matter of licensing restaurants is a matter of statewide concern and is not local and municipal; that the jurisdiction of the state over the licensing of restaurants is exclusive and that the ordinance of the City and County of Denver is unconstitutional and void.

The prayer of the complaint, in pertinent part, seeks a decree:

"1. Declaring unconstitutional and void the provisions of the Denver Municipal Code requiring any one to obtain a restaurant license from the City and County of Denver and pay the fee therefor;

"2. Restraining and temporarily and permanently enjoining defendant and his successors in office from enforcing any provision of the Denver Municipal Code, or any other Denver ordinance which purports to require the issuance of a restaurant license by the City and County of Denver or the payment of any fee for such a license; * * *."

The action was brought under Rule 57, R.C.P. Colo., captioned "Declaratory Judgments." Subsection (j) of said rule reads as follows:

"PARTIES; MUNICIPAL ORDINANCES. When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

In the instant action the City and County of Denver was not made a party. After the trial court had denied a motion for summary judgment interposed by counsel for plaintiffs, an attempt was made to amend the complaint by making the city and the Colorado Department of Public Health parties thereto. This motion was denied. The attorney general of the State of Colorado has not been "served with a copy of the proceeding" and has had no opportunity to be heard. It is apparent that the essential conditions required by the rule are not shown by the record before us to be present. Under such circumstances a determination of the questions argued by counsel cannot be had in this proceeding.

Although counsel do not raise the issue in their briefs, another rule of law, heretofore approved by this court, appears to be fatal to the claim of plaintiffs for the

relief sought. In *Farmers' Dairy League, Inc. v. City and County of Denver, et al.,* 112 Colo. 399, 149 P. (2d) 370, and in *Colorado State Board of Examiners of Architects v. Louis E. Rico,* 132 Colo. 437, 289 P. (2d) 162, an injunction to enjoin enforcement of an ordinance or statute under the Declaratory Judgment rule, on the ground that the ordinance or statute was unconstitutional, was refused. Each of these cases was decided after adoption of the Rules of Civil Procedure. We quote from *Farmers' Dairy League, Inc. v. City and County of Denver,* supra, the following:

" * * * The trial court rightly denied relief, but should not have given attention to the merits of the matter. Rather, as we are convinced, plaintiff should have been left to choose its course, that is to say, observe the ordinance, or, proceeding in the faith of its allegations here, challenge the city to take steps in the faith of its contentions. In the resulting situation, the parties would be before a court appropriately functioning, and competent fully to adjudge and award needful legal writs."

The judgment is affirmed without prejudice to the right of plaintiffs to raise any or all of the questions here argued, and any additional ones which they may see fit to assert in any proceedings which may be instituted for or on account of alleged violation of the questioned ordinance on the part of the plaintiffs or either of them.

MR. JUSTICE SUTTON specially concurs.

MR. JUSTICE SUTTON specially concurring:

In so far as the majority opinion is an affirmance based upon a failure to name the parties defendant required under Rule 57 (j), R.C.P. Colorado, I concur therein. And, in so far as *Farmers' Dairy League, Inc. v. City and County of Denver,* 112 Colo. 399, 149 P. (2d) 370, and *Colorado State Board of Examiners of Architects v. Louis E. Rico,* 132 Colo. 437, 289 P. (2d) 162, have determined that one cannot enjoin the enforcement of a penal

ordinance, I must bow to the rule of *stare decisis,* for as Mr. Justice Moore said in his special concurrence in *Cover v. Denver,* 120 Colo. 451, 211 P. (2d) 830:

"The majority of the court reached a conclusion in that case with which I could not have agreed had I been participating in the determination of the cause; however it received the consideration of all the members of the court as the same was then constituted. The rule there announced should not be overthrown and another substituted in its stead, simply because it might not be in harmony with the views of an individual judge who took office at a time subsequent to that determination. * * *

"A change in personnel of the court should not have the effect of raising doubts concerning the finality of determinations theretofore recently made by a divided court."

I note, however, that neither the *Farmers'* nor *Rico* opinions treat in direct fashion the point as to whether Rule 57, or C.R.S. '53, 77-11, which relate to Declaratory Judgments, apply to a litigant who seeks to determine whether, as applied to him, a particular ordinance or statute is unconstitutional. In *Rico* that was one of the two causes of action, though it is true that the trial court based its determination solely on the ground of unconstitutionality with this court then applying the *Farmers'* rule to reverse.

Our Rule 57 in substance repeats C.R.S. '53, 77-11. Both grant to our citizens the right and privilege of having their " * * * rights, status, and other legal relations" determined in our courts and expressly as they relate or "are affected by a statute, municipal ordinance, contract or franchise * * *."

The further point of this special concurrence thus is that I firmly believe that both *Farmers'* and *Rico* should have determined the rights of the litigants and not have applied the rule that injunctions will not lie against enforcement of penal provisions. I think our statute and rule leave an equitable way out in those types of cases.

I believe the cited statute and rule are wise and salutary. Why should one have to run the risk of being branded as a criminal when the courts may warn him in advance if he is wrong in his interpretation of the law? That is what each person affected is entitled to if he brings a proper action. That is why I do not want my concurrence in this opinion to seem to be approval of a valid doctrine ignored in the two previous decisions.