No. 20,426.

Charles E. Corliss *v.* City of Westminster.
(387 P. [2d] 272)

Decided December 2, 1963.     Rehearing denied December 23, 1963.

Mr. Philip A. Rouse, for plaintiff in error.

Mr. Donald D. Cawelti, City Attorney, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This suit was instituted as a declaratory judgment action pursuant to Rule 57, R.C.P. Colo., in which plaintiff in error Corliss seeks to have an ordinance of the City of Westminster declared unconstitutional. He asserts that the ordinance violates his rights to freedom of speech and non-discrimination secured by the Colo-

rado Constitution, Article II, Sections 6, 10 and 28. The case was submitted on an agreed statement of facts and the trial court entered a judgment upholding the validity of the ordinance. From that judgment Corliss brings writ of error.

From the agreed statement of facts we learn that Corliss is a resident of Denver who engages in the occupation of selling Celestial China merchandise direct to customers. In making these sales, he calls from house to house and from business place to business place to solicit orders. He does not maintain or use an office or business establishment in Westminster but he "desires and proposes" to engage in the direct sale of Celestial China in that city, using two methods of solicitation and sale: (1) He would mail pamphlets to individuals by which he would request them to return inquiry or information cards concerning his product and upon receipt of such cards from prospective customers, he would call upon them to solicit a sale; and (2) He would call at houses and business establishments and initially attempt to make such sales.

The ordinance which Corliss attacks prohibits peddlers, solicitors, canvassers and transient merchants from selling their wares in their respective fashions without first having obtained a license from the city. Granting of the license is conditioned upon an investigation to be made by the city manager into the applicant's business and moral character and the posting of a $1,000.00 surety bond. A schedule of fees is provided, the rates being set in proportion to the length of time for which payment is made in advance, i.e., $5.00 per day, $15.00 per week, $35.00 quarterly, or $100.00 annually. Certain classes of persons are excepted from pertinent parts of the licensing provisions, among them farmers selling their own produce and persons soliciting for non-profit organizations. The ordinance provides fines or imprisonment, or both, as the penalty for violations of its provisions.

Plaintiff in error has not attempted to obtain a license nor has he attempted to sell his merchandise in Westminster, either by calling at houses directly or as a result of invitation from prospective customers. The only action taken by him has been the institution of this suit to test the constitutionality of the ordinance. Although counsel do not raise the issue in their briefs, under the circumstances of this case a rule of law heretofore approved by this Court precludes Corliss from obtaining the relief sought here, and is also fatal to the judgment entered by the trial court.

The impropriety of deciding the questions presented under the circumstances here was amply demonstrated during the course of oral argument before this Court, where the parties themselves did not agree on the scope of certain sections of the ordinance in relation to particular activities in which Corliss seeks to engage. For example, while Corliss objected that the ordinance would prohibit him from using the mails to advertise his merchandise to Westminster residents, Westminster asserted that this was not a prohibited activity. And while Corliss objected that the ordinance would prohibit him from being invited by Westminster residents to come to their homes for the purpose of demonstrating his wares and making sales to them, Westminster again asserted that this was not a prohibited activity.

There are other such disagreements as to what activities Westminster considered prohibited by its ordinance or which provisions of its ordinance it would attempt to enforce. We decline to speculate as to Westminster's course of action, and to render an advisory opinion based on such speculation. The matter set forth in the agreed statement of facts present us with a legal vacuum within which we are asked to overturn an ordinance presumptively valid. An action for declaratory judgment is improper under such sterile conditions. *Meier v. Schooley,* 147 Colo. 244, 363 P. (2d) 653; *Colorado State Board of Examiners of Architects v. Rico,*

554

132 Colo. 437, 289 P. (2d) 162; *Farmers' Dairy League, Inc., v. Denver,* 112 Colo. 399, 149 P. (2d) 370.

The judgment is reversed with directions to dismiss the complaint.

MR. JUSTICE DAY not participating.