No. 22626.

COLORADO STATE BOARD OF OPTOMETRIC EXAMINERS *v.* DONALD D. DIXON, JOSEPH WASHINGTON EVANS, HAROLD FISHMAN, DALLAS C. HIATT, HARRY W. ODIL, AND JOSEPH A. WOLFE, INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS.

(440 P.2d 287)

Decided April 29, 1968.

490

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, William Tucker, Assistant, Clifton A. Flowers, Special Assistant, for plaintiff in error.

Isaacson, Rosenbaum, Goldberg & Miller, Sheldon E. Friedman, VanCise, Freeman, Tooley & Eason, Charles Goldberg, John J. Atkinson, Rothgerber, Appel & Powers, William P. Johnson, for defendants in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This writ of error is brought to review an order of the District Court of the City and County of Denver granting a preliminary injunction restraining plaintiff in error, the Colorado State Board of Optometric Examiners, from enforcing a regulation.

Plaintiff in error will hereafter be referred to as the Board, and the defendants in error, who were plaintiffs in the trial court, will be referred to as plaintiffs.

Regulation No. 11, the subject of this action, was adopted by the Board January 29, 1966. It provides:

"No optometrist shall conduct the practice of his profession in or on premises where a commercial or mercantile establishment is the primary business being conducted."

This regulation was to become effective June 1, 1966. On May 27, plaintiffs filed their complaint in the district court, seeking (1) an injunction against enforcement of Regulation No. 11, (2) a declaratory judgment that the regulation and C.R.S. 1963, 102-1-7(2) are unconstitutional, and (3) judicial review under C.R.S. 1963, 3-16-5, and R.C.P. Colo. 106, of the Board's action in adopting Regulation No. 11. Plaintiffs brought suit individually and as representatives of the class comprising "all persons licensed to practice optometry in the State of Colorado who practice optometry in or on premises which might be deemed to be premises where a commercial or mercantile establishment is the primary business being conducted."

A temporary restraining order was granted ex parte, and after hearing on June 6, 1966, the trial court entered its order granting a preliminary injunction restraining the Board from enforcing its regulation. Such an order is reviewable by writ of error under R.C.P. Colo. 111(a)(3). No determination on the merits of the validity of Regulation No. 11 has yet been made.

■ The Board's sole contention, both here and in the trial court, has been that the district court was without jurisdiction to grant the preliminary injunction in question. It presented no evidence at the hearing and does not contest the court's finding that plaintiffs "established by a strong weight of the evidence . . . that the enforcement of Regulation No. 11 . . . would cause Plaintiffs to suffer immediate irreparable injury and damage." Since we hold that the district court did have jurisdiction by reason of C.R.S. 1963, 3-16-5, to issue the injunction, we affirm.

The Board argues that C.R.S. 1963, 3-16-5 does not apply, contending that no "final action" has been taken by it with regard to Regulation No. 11. We do not agree with the Board's contention.

■ The optometry statute, C.R.S. 1963, Chapter 102, contains no provisions governing the procedures to be followed by the Board under the rule-making power granted by Section 102-1-7(2). The general provisions of the Administrative Code are therefore applicable.

■ Under C.R.S. 1963, 3-16-5, judicial review, including injunctive relief, is available to persons aggrieved by agency "action" where irreparable damage would otherwise result. The trial court is specifically authorized to postpone the effective date of agency action pending review, as it did here. Under C.R.S. 1963, 3-16-1(k), agency "action" includes "the whole or any part of *any agency rule,* order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." (Emphasis added.) "Rule" is defined by C.R.S. 1963, 3-16-1(d) as: "the whole or any part of *every agency statement of general applicability and future effect implementing, interpreting, or declaring law or policy,* or setting forth the procedure or practice requirements of any agency." (Emphasis added.) In our view, Regulation No. 11 comes within that definition and is therefore agency action which we hold to be

final agency action subject to the provisions of C.R.S. 1963, 3-16-5.

All of the cases cited by the Board, except *Colorado State Board of Examiners of Architects v. Rico,* 132 Colo. 437, 289 P.2d 162, involve attempted judicial interference with various administrative proceedings before such proceedings had been concluded, and are, of course, not in point here. Nor is this case governed by cases decided before the adoption of Article 16 of the Administrative Code in 1959. We hold that the district court had jurisdiction under the Administrative Code to issue the relief it did.

*Rico, supra,* held that a declaratory judgment may not be brought to secure a judicial determination of the validity of a statute which adversely affects a particular person, and that the remedy is to violate the statute and raise the invalidity as a defense to a prosecution for the violation.

The Uniform Declaratory Judgments Act, C.R.S. 1963, 77-11, and R.C.P. Colo. 57 state as follows:

"*Any person* interested under a deed, will, written contract or other writings constituting a contract, or *whose rights, status or other legal relations are affected by a statute,* municipal ordinance, contract or franchise, *may have determined any question of construction or validity arising under the* instrument, *statute,* ordinance, contract or franchise *and obtain a declaration of rights, status or other legal relations thereunder.*" (Emphasis added.)

 C.R.S. 1963, 77-11-12 and Rule 57(k) declare the purpose of the statute and the Rule to be remedial and to afford relief from uncertainty and insecurity. The statute and Rule further expressly provide that they be liberally "construed" and "administered." A liberal construction of the statute and the Rule quoted above leads us to now reject the proposition that a person adversely affected by a statute and seeking relief from uncertainty and insecurity with respect to his

494

rights by reason of a statute or a rule of a Board or Commission must take the risk of prosecutions, fines, imprisonment, loss of property or loss of profession in order to secure adjudication of his rights.

We point out that in *Memorial Trusts, Inc. v. Beery,* 144 Colo. 448, 356 P.2d 884, the Commissioner who joined with the plaintiff in requesting a declaratory judgment recognized the validity of the argument that one should not be required to risk violation of the statute in order to obtain a declaration of its validity. In these days when respect for the law and conformity to it are of prime concern to all, it seems to us inappropriate to continue to demand that one adversely affected by a law which he contends is invalid on its face violate that law in order to obtain a declaration of its validity or invalidity. Accordingly, we now expressly overrule *Rico,* and any cases following it. We point out that in so doing we are disturbing no vested rights, nor are we breaking new ground, but we are rather bringing ourselves into harmony with a substantial and growing body of law which approves the rule we adopt today. *Bantam Books v. Sullivan,* 372 U.S. 58, 83 S.Ct. 631, 9 L. Ed. 2d 584; *Public Utilities Comm. of Calif. v. United States,* 355 U.S. 534, 78 S.Ct. 446, 2 L. Ed. 2d 470; *Currin v. Wallace,* 306 U.S. 1, 59 S.Ct. 379, 83 L. Ed. 441; *Charles L. Harney, Inc. v. Contractors' State License Board,* 39 Cal. 2d 561, 247 P.2d 913; *Stadnik v. Shell's City,* 140 So.2d 871 (Fla. 1962); *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312, 66 S.E.2d 726 (overruling prior cases similar to *Rico*); *Hoagland v. Bibb,* 12 Ill. App. 2d 298, 139 N.E.2d 417; *Department of Financial Institutions v. General Finance Corp.,* 227 Ind. 373, 86 N.E.2d 444; *Minneapolis Federation of Men Teachers v. Board of Education,* 238 Minn. 154, 56 N.W.2d 203; *Tietjens v. City of St. Louis,* 359 Mo. 439, 222 S.W.2d 70; *Rowland v. City of St. Louis,* 327 S.W.2d 505 (Mo. App. 1959); *New York Foreign Trade Zone Operators, Inc. v. State Liquor Authority,* 285 N.Y. 272, 34 N.E.2d

316; *Berndson v. Graystone Materials Co.,* 34 Wash. 2d 530, 209 P.2d 326; *Farley v. Graney,* 146 W.Va. 22, 119 S.E.2d 833. See also 3 K.C. Davis, Administrative Law Treatise § 21.09 (1958 and Supp. 1965).

The judgment is affirmed.