## No. 27491

**Bert J. Johnson, Sheriff of Adams County, and all others acting for and on his behalf v. District Court of the Seventeenth Judicial District in and for the County of Adams, State of Colorado, and The Honorable Jean J. Jacobucci, one of the judges thereof**

(576 P.2d 167)

Decided March 27, 1978.

S. Morris Lubow, County Attorney, Larry W. Berkowitz, Assistant, Michael F. Swanson, Assistant, for petitioner.

Holme, Roberts & Owen, John L. Kane, for respondents.

170

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Bert J. Johnson, the sheriff of Adams County (Petitioner), brought this original proceeding to challenge the jurisdiction of the district court to issue a preliminary injunction restraining him and his agents from enforcing a county zoning regulation against R & R Well Services, Inc. (R & R) under the provisions of section 30-28-124, C.R.S. 1973. We issued a rule to show cause and now discharge that rule.

R & R is in the business of servicing oil and gas wells located in, among other places, Adams County. In performing its contracts, R & R uses special self-propelled well-servicing units which travel Adams County roads an average of ten times weekly. Although R & R's units are capable of well drilling, they are utilized only for the purpose of servicing existing wells. R & R has registered its well-servicing units with the State of Colorado and has obtained movement permits from the State Department of Highways pursuant to section 42-4-409, C.R.S. 1973 (1976 Supp.).

On December 16, 1976, agents of the petitioner stopped an employee of R & R, who was driving a well-servicing unit, at the Adams County line. After determining that R & R possessed only state permits, the police officers informed the employee that he would be apprehended and taken to jail if he proceeded into Adams County without obtaining a county permit pursuant to section 4.313(2) of the 1975 Adams County Zoning Regulations.

Section 4.313(2) of the zoning regulations provides:

"*4.313 Oil and Gas Wells.* The drilling and production of gas and oil wells shall be a use by right in all industrial, commercial, unsubdivided agricultural, mineral conservation, and the flood control districts subject to:

. . . .

"(2) A $300 moving, drilling and culvert permit from the Public Works Department designating the route to be taken, the exact proposed well site, and the equipment to be moved and utilized. A minimum $100,000 bond shall be posted with such permit to guarantee repair of damage to public roads and other facilities."

R & R asserted that the permit regulation did not apply to movement of well-servicing equipment and initiated a declaratory judgment action. R & R also alleged that no plain, speedy, and adequate remedy at law existed and sought injunctive relief.

After a hearing, the district court concluded that (1) the actions of the petitioner, unless restrained, would prevent R & R from conducting its business; (2) R & R's inability to carry on its business and the threat of

criminal prosecution would cause immediate and irreparable injury to R & R and its employees; (3) on the basis of the evidence before the court, section 4.313(2) did not apply to R & R's activities; and (4) R & R had no other plain, speedy, and adequate remedy at law. Accordingly, the district court issued a preliminary injunction restraining the petitioner and his agents from enforcing section 30-28-124, C.R.S 1973, because of R & R's failure to possess a county permit under section 4.313(2). No determination on the merits of the validity of section 4.313(2) of the zoning regulation as applied to R & R has been made and must await a case where the issue is properly raised.

■ We have previously held that a declaratory judgment action may be brought to secure a judicial determination of a statute's validity without requiring one to run the risk of violation and criminal sanction. *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968). Earlier decisions which reached a contrary result were expressly overruled in *Dixon:*

"In these days when respect for the law and conformity to it are of prime concern to all, it seems to us inappropriate to continue to demand that one adversely affected by a law which he contends is invalid on its face violate that law in order to obtain a declaration of its validity or invalidity. Accordingly, we now expressly overrule *Rico,* and any cases following it. We point out that in so doing we are disturbing no vested rights, nor are we breaking new ground, but we are rather bringing ourselves into harmony with a substantial and growing body of law which approves the rule we adopt today. . . ."

■ Implicit in our holding in *Colorado State Board of Optometric Examiners v. Dixon, supra,* is that a court will issue a preliminary injunction in conjunction with a declaratory judgment action under appropriate circumstances. In *Hynes v. Grimes Packing Co.,* 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231 (1948), the United States Supreme Court upheld an injunction against the enforcement of a regulation which prohibited fishing in designated waters except by permit issued by local Indian tribes. The Supreme Court held that injunctive relief is appropriate:

"If respondents show that they are without an adequate remedy at law and will suffer irreparable injury unless the enforcement of the alleged invalid regulation is restrained, a civil court will enjoin. While ordinarily criminal prosecutions will not be restrained even under an invalid statute, a civil action will lie in exceptional circumstances that make an injunction necessary to effectually protect property rights.

"The facts heretofore detailed as to the investments of respondents in canneries and fishing equipment and their established activities in the waters of the reservation make clear the serious effect on them of exclusion from the reservation. It is not a threat of a single prosecution, as in the Spielman Case, but an ousting of respondents and their employees from

the fishing grounds unless each individual person takes a fishing license. Under the findings the respondents could not operate profitably if prohibited from fishing in the reservation area. Many fishermen may stay away from the grounds for fear of punishment. In the pursuit of their otherwise lawful business respondents are threatened with criminal prosecution should they fish in the waters of the Karluk Reservation without a permit from the native village. For violation of the applicable regulation under the White Act, severe penalties are imposed including fine, imprisonment, the summary seizure of boats, haul, gear, equipment, and their forfeiture to the United States. These sanctions deny to respondents an adequate remedy at law, for to challenge the regulation in the ordinary criminal proceeding is to hazard a loss against the payment of a license fee and compliance with the fishing rules of the natives. Yet, to stay out of the reservation prevents the profitable operation of the canneries. In such a situation a majority of the Court thinks that the 'danger of irreparable loss is both great and immediate' and properly calls forth the jurisdiction of the court of equity." (Footnotes omitted.)

■ The choice confronting R & R is analogous to that confronting the company in *Hynes, supra*. R & R must either discontinue its operations or submit to the permit regulation. As in *Hynes, supra,* the petitioner does not threaten R & R with a single prosecution, but rather threatens to prevent R & R and its employees from carrying on its business in Adams County unless it obtains a $300 permit for each of its twice daily moves within the county. Furthermore, the sanctions which may be imposed upon R & R and its employees deny R & R an adequate remedy at law. If R & R were to challenge the zoning regulation in a criminal proceeding, it would face both fines and penalties for its failure to pay substantial fees for the required permits. R & R had no choice but to cease doing business in Adams County until the court issued a declaratory judgment or an injunction. In this case, the threat of an immediate and irreparable loss to R & R is apparent and justified the issuance of a preliminary injunction to preserve the status quo pending final determination of the merits of the declaratory judgment action. The district court did not exceed its jurisdiction.

Accordingly, the rule is discharged.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.