No. 19,996.

Mesa County Junior College District, et al., *v.*
Robert Donner, Sr., et al.
(371 P. [2d] 442)

Decided May 14, 1962.

Mr. Perry E. Williams, Messrs. Phelps, Fonda & Hays, for plaintiffs in error.

Mr. Donald E. LaMora, for defendants in error Robert Donner, Sr., Herbert L. Rouse and Merrill E. Shoup.

Messrs. Tarter and Tarter, for defendant in error Board of County Commissioners of El Paso County.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

DEFENDANTS in error, Donner, Rouse and Shoup brought an action in the District Court of El Paso County against the defendant in error Board of County Commissioners of El Paso County under Rule 57, R.C.P. Colo. The suit sought to have House Bill No. 360, 1961 Colo. Session Laws 688 declared unconstitutional.

In effect, the act in question provides that when a resident of a county not within a Junior College District attends a junior college in this state, the county of such student's residence should each year during his attendance levy and collect $500 for such student, which sum should be paid to a state fund which in turn would pay the same to the Junior College District wherein the junior college which the student attends is located.

The plaintiffs served a copy of the complaint and summons upon the defendant Board of County Commissioners and upon the Attorney General of the State of Colorado as required by Rule 57. The Junior College Districts were not joined as parties defendant in the original action, but within the 20 days permitted to answer the complaint filed a motion asking leave to intervene in the action, alleging in effect that they had an interest which would be affected by the declaration, namely, that if the act were declared to be unconstitutional and the relief sought were to be granted they would be deprived of the revenues provided for their benefit by House Bill No. 360. The parties seeking to intervene agreed to be ready for trial on the date set.

The court denied the petitioner's motion to intervene and, after motion for new trial was denied, petitioners brought error here. We stayed further proceedings in the trial court until the question of intervention was determined.

█ Rule 57, under which this suit was begun, and C.R.S. '53, 77-11-11, which is the Declaratory Judgments Act of the State of Colorado, provide that all persons who claim an interest in the litigation which would be affected by the declaration sought shall be made parties.

Here the Junior College Districts were not made parties, although they had a direct interest in the litigation in that a declaration of unconstitutionality would result in the loss to them of the funds provided by the act in question. Under such circumstances the rule and the statute conferred upon the Districts a right to be parties to this proceeding and their petition to intervene should have been granted.

The case is reversed and the cause is remanded to the trial court with directions to permit the intervention of the Junior College Districts and thereupon to proceed to final determination of the matter.

MR. JUSTICE SUTTON not participating.