No. 21238.

WOODROW W. BUSSEY *v.*
PLUMBERS LOCAL NO. 3, ETC., ET AL.
(412 P.2d 907)

Decided April 4, 1966.    Rehearing denied April 25, 1966.

480

BRUCE OWNBEY, for plaintiff in error.

PHILIP HORNBEIN, JR., ROY O. GOLDIN, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF, Woodrow W. Bussey, seeks to reverse a decree of the trial court dismissing his fifth amended

complaint without leave to further amend. Defendants are Plumbers Local No. 3 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, the United Association of the aforementioned local union and various officers of the particular Local.

It appears from the record that Bussey was a former member of Local No. 3. In 1957, charges of misconduct were brought against him pursuant to the union's constitution and by-laws. The charges were heard by a trial committee composed of the Local's executive board. Bussey did not appear at the hearing before the executive board; although he was given notice of the charges which were filed against him, in addition to the date, time and place of the hearing. The Local's executive board sustained the charges and recommended that Bussey be expelled from the union with the provision that if he wished to apply for reinstatement he would be required to pay a $2500 assessment.

These recommendations were approved by a majority of the Local's membership at a later hearing. At this hearing, Bussey requested but was denied representation by an attorney. He was, however, represented by a member of the Local. Bussey appealed the mandate of the Local to the general executive board of the United Association in accordance with the procedure prescribed in the United Association's constitution.

The General Executive Board affirmed Bussey's expulsion from union membership and assessment in May, 1958.

The United Association's constitution permitted a final appeal to the United Association's Convention which was next scheduled to convene in August, 1961. Bussey did not invoke this internal procedure but instead instituted the present suit.

Bussey's original complaint was filed on November 13, 1958, praying for damages incurred by him because of his alleged wrongful expulsion from the union. The

matter was removed to the Federal District Court by the union.

In the Federal Court, motions to dismiss were directed to an amended complaint, a second amended complaint and a third amended complaint. All motions were sustained and a final judgment of dismissal was entered on the third amended complaint.

Bussey appealed the dismissal of the third amended complaint to the Tenth Circuit Court of Appeals. Although that court did not pass on the merits of the case, it did hold that the state court had jurisdiction over the matter and that the case had been wrongfully removed to the Federal District Court. Accordingly, the matter was remanded to the state court.

Back in the state court, Bussey was granted leave to file a fourth amended complaint. The sole relief sought in the original complaint and the four amended complaints was damages arising from the alleged wrongful expulsion from the union. *Local 100, United Association of Journeymen and Apprentices v. Borden,* 373 U.S. 690, 83 S. Ct. 1423, 10 L.Ed.2d 638, was decided after the fourth complaint was filed. *Borden, supra,* held that in a suit by a member against his union, the state court cannot maintain jurisdiction where the principal relief sought is damages rather than reinstatement to membership.

Thereafter, Bussey applied to the court and was granted leave to file a fifth amended complaint. In this last complaint, Bussey added a prayer for reinstatement. A motion to dismiss was again filed alleging that the trial court lacked jurisdiction, and also that Bussey had failed to exhaust his administrative remedies within the union.

This motion was granted upon the ground that Bussey should have alleged that all administrative remedies within the union had been exhausted. At that point, counsel for Bussey orally moved to interlineate into the fifth amended complaint an allegation which averred

that he had exhausted his intra-union remedies. Bussey's request to amend was denied by the court and judgment was entered in favor of the defendants.

Bussey here seeks a reversal of the judgment of the trial court and argues that that court should have permitted him to amend the fifth amended complaint with an interlineation alleging that he had exhausted his intra-union remedies.

Bussey's claim that the judgment of dismissal should be reversed is untenable. We so hold because the gravamen of Bussey's claim lies *arguably* within the jurisdiction of the National Labor Relations Board and therefore is subject to dismissal for the reason that the state trial court lacked jurisdiction over the subject matter. And we must so hold, even though the trial court did not dismiss the complaint on these grounds. *Flowers v. Zeilinger,* 102 Colo. 556, 81 P.2d 879.

The trial court's lack of jurisdiction in this case arises from the recent United States Supreme Court decision in *Borden, supra.* As was mentioned earlier in this opinion, *Borden* enunciated the principle that the National Labor Relations Board has sole jurisdiction to determine controversies between a member and his union where the "crux" of the action concerns injury to the member's employment relationship and where the main relief sought is damages.

Plaintiff in error contends that the instant case must be governed by *International Association of Machinists v. Gonzales,* 356 U.S. 617, 78 S. Ct. 923, 2 L.Ed.2d 1018, rather than by *Borden, supra.* We do not agree. *Gonzales, supra,* provided that when the principal relief sought was reinstatement, the state court had jurisdiction to proceed, and might, in the exercise of its equity powers, fill out the relief by awarding damages incidental to the main relief requested.

But even before *Borden, supra,* the doctrine enunciated in *Gonzales, supra,* had been severely limited, if not overruled, by the United States Supreme

Court in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L.Ed.2d 775, which laid down the rule that where the controversy is *arguably* within the jurisdiction of the National Labor Relations Board, then neither the state court nor the federal courts have jurisdiction to proceed. The gravamen of Bussey's action is for damages suffered by him as a result of his being unable to find employment in Denver because of his alleged unlawful expulsion from the union. Section 8 (b) (2) of the Taft Hartley Act provides that it shall be an unfair labor practice for a labor organization to cause or attempt to cause an employer to discriminate against an employee with respect to whom membership has been terminated for some reason other than his failure to pay dues or initiation fees. Another section of the same Act gave the National Labor Relations Board exclusive jurisdiction in such cases. It is clear that Bussey's claim is *arguably* subject to the exclusive jurisdiction of the National Labor Relations Board and therefore, under *Garmon, supra,* the trial court had no jurisdiction to try the matter. *Local No. 207, International Association of Bridge, Structural and Ornamental Iron Workers Union v. Perko*, 373 U.S. 701, 83 S. Ct. 1429, 10 L.Ed.2d 646. See also *Wax v. International Mailers Union,* 400 Pa. 173, 161 A.2d 603, for a complete analysis of the problem in a fact situation startlingly similar to the case at bar.

The circumstances of this case clearly fall within the *Borden* and *Wax* doctrines. Counsel for Bussey readily admits that the prayer for reinstatement to the union was inserted in the fifth amended complaint solely for the purpose of overcoming the effects of *Borden*. It had never been asserted before. The original complaint and the ensuing four amended complaints, covering approximately five years of legal wrangling are conspicuously lacking in any plea for or reference to reinstatement to union membership. It cannot be said that the inclusion of the plea for reinstatement at the late date it was

offered constituted a good faith assertion of a claimed right. It was, as it is freely admitted by counsel, merely an attempt to vest jurisdiction in a court which admittedly had no jurisdiction originally without the assertion. The principal relief sought continued at all times to be damages sustained in Bussey's employer relations as a result of his expulsion from the union, and therefore *arguably* within the jurisdiction of the National Labor Relations Board.

The judgment is affirmed.