No. 24082.

THE INTERNATIONAL ASSOCIATION OF MACHINISTS v. WILLIAM H. SOUTHARD.
(459 P.2d 570)

Decided October 6, 1969.    Rehearing denied October 27, 1969.

EDWARD J. SCHEUNEMANN, for petitioner in error.

SOUTHARD and SOUTHARD, WILLIAM H. SOUTHARD, pro se.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In 1966 the plaintiff (the respondent herein) made a trip from Denver to Hawaii, having purchased a round trip ticket from an airline. While in Hawaii the union (the petitioner herein) commenced a strike against the airline. As a result this airline was unable to transport the plaintiff back to Denver at the time he wished to return. He arranged passage with another airline at an additional cost of $52.19. The plaintiff brought action against the union in the county court to obtain judgment for this sum upon a common law theory of tortious interference with his contract with the airline. The union prevailed in the county court. The plaintiff appealed to the district court which awarded him judgment under his theory, incidentally, without citing any authority in support of the ruling. We granted certiorari.

The union suggests that, since airline management-labor disputes come within the purview of the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, the doctrine of federal preemption ousts state courts of jurisdiction. *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344, held that the

right to strike is an inherent and integral part of the Railway Labor Act and strikes by unions or persons subject to that Act are within the jurisdiction of the Act. It follows that, in an action to enjoin a union from striking against or picketing the person bringing the action, the rule of federal preemption applies and a state court would not have jurisdiction in the matter. *Bussey v. Plumbers Local No. 3*, 159 Colo. 479, 412 P.2d 907. Here the strike was not against the plaintiff; it was against the airline. We have not had called to our attention nor found any case for damages to a person by reason of a union's strike against or picketing of another, which involved preemption. Since we can and do make disposition of this action on other grounds, we have concluded not to plow the apparently virgin furrow of preemption.

It is not contended that there was any breach of any contract existing between the union and the plaintiff, as obviously there was no contract between them. The only contracts extant were between the union and the airline on the one hand and between the airline and the plaintiff on the other. It follows that any relief that might be accorded the plaintiff would have to be found *ex delicto.*

■ Our determination of this case is that there was not an interference with contract upon which a claim for relief can be based. There is no suggestion in the record that the strike was in any manner illegal nor that in connection therewith the union was not in full compliance with the Railway Labor Act.

We are not familiar with any authority holding that the plaintiff had a right which protected him against any strike by this union. He cites *R. & W. Hat Shop v. Sculley,* 98 Conn. 1, 118 A. 55, 29 A.L.R. 551. Whether or not this opinion remains sound after 47 years which have elapsed since it was issued is debatable; it is distinguishable, however, on the basis that the union acted intentionally to prevent the employer from filling the plaintiff's orders.

■ Generally, tortious interference with contractual

rights to be actionable must involve a wrongful act or a legal act performed in an unlawful manner. Stated perhaps more precisely, "There is no liability for inducing a breach of contract where the breach is caused by the exercise of an absolute right — that is, an act which a person has a definite legal right to do without any qualification." *Augustine v. Trucco*, 124 Cal. App. 2d 229, 268 P.2d 780. See § 29 in Annot., 26 A.L.R.2d 1263 and 84 A.L.R. 79.

■ Third persons, who are damaged by a lawful strike of employees against an employer by reason of failure of the employer thereby to deliver goods or furnish services, have no right of action against the union calling and maintaining a strike. *Boylston Housing Corp. v. O'Toole*, 321 Mass. 538, 74 N.E.2d 288; *Montgomery Ward & Co. v. Franklin Union*, 323 Ill. App. 590, 56 N.E.2d 476.

We resist the temptation to embark upon the economic, social and practical consequences that might follow a rule that unions should be liable for all inconveniences and damages caused to third persons by a lawful strike; and we simply content ourselves with the statement that this is a classic example of *damnum absque injuria*.

Reversed and remanded with direction to affirm the judgment of the county court.

Mr. Justice Lee not participating.