539 P.2d 1294 (1975)
The CITY OF ARVADA, a Municipal Corporation, Plaintiff-Appellant,
v.
The CITY AND COUNTY OF DENVER, acting By and Through its BOARD OF WATER COMMISSIONERS, Defendant-Appellee.
No. 74-468.
Colorado Court of Appeals, Div. III.
May 28, 1975.
As Modified on Denial of Rehearing June 17, 1975.
Certiorari Granted September 22, 1975.
*1295 Roger W. Noonan, City Atty., Arvada, Raphael J. Moses, Sp. Counsel, Boulder, for plaintiff-appellant.
Saunders, Snyder, Ross, P.C., Wayne J. Fowler, George L. Zoellner, Kenneth L. Broadhurst, J. J. Petrock, Michael L. Walker, Denver, for defendant-appellee.
Selected for Official Publication.
VanCISE, Judge.
The City of Arvada appeals from that part of a judgment declaring that the City of Denver may assess tap fee charges against new water users in the Arvada service area. We reverse.
In 1965, the parties contracted for Denver to sell and Arvada to buy water at rates[1] based on a price per gallon delivered to Arvada's single metered delivery point. From that point, Arvada, using its own treatment, storage, and transmission facilities, distributes water to its own customers, the users in the Arvada service area. These users are not parties to the Arvada-Denver water contract, are not served by Denver, are billed by and make payments to Arvada, and their identities are not even known to Denver.
In May of 1972, Denver instituted a new one-time "System Development Charge" (tap fee) to be imposed for each new water service installation, including those in the Arvada area covered by the Arvada-Denver contract. Shortly before January 1, 1973, when the tap fee was to commence, Arvada brought this suit for a declaratory judgment that this fee is invalid in the Arvada service area. On December 26, 1972, the parties stipulated, without prejudice to either party's position in the pending lawsuit, that Arvada would collect tap fees from its users, place them in a separate interest bearing account, and retain the funds until authorized to disburse them by order of court.
At trial, the court distinguished rates and charges applicable to Arvada from rates and charges that may be assessed by Denver directly to the ultimate users, Arvada's customers. It determined there was no contract provision for one-time charges such as tap fees, and any attempt to vary the system of charges from price per gallon delivered would be in contravention of the specific terms of the contract. It concluded that the tap fees could not be levied upon Arvada. The court then decided that tap fees could be levied directly against the water users in Arvada's service area, and that these charges were applicable to those users as of January 1, 1973.
After announcing its conclusions, the court noted that: "The imposition of a [tap fee] charge may involve the interests, rights and obligations of the users in the Arvada Service Area." At that point, it granted leave to either party to amend its pleadings "to join indispensable parties to *1296 this action, namely, the users or a representative thereof." No amendment or joinder was made. Thereupon, the following judgment entered:
"[I]t is ORDERED, ADJUDGED, and DECREED that the Plaintiff's [Arvada's] Complaint be dismissed, that the Defendant's [Denver's] System Development Charge [tap fee charge] be applicable to users of water in the Arvada Service area as of January 1, 1973, that the System Development Charges collected pursuant to Stipulation and Order of the Court dated December 26, 1972, be distributed forthwith to Defendant, and that all System Development Charges collected in the Arvada Service Area following this Order shall be remitted to the Defendant."
Neither party has appealed the court's determination that the tap fees cannot be levied upon Arvada. That is a final adjudication between these parties. On this appeal, Arvada seeks reversal only of the portions of the judgment affecting its customers, the users, and their funds held by it pursuant to the stipulation.
This appeal raises a question as to whether the customers, who are not parties to the water service contract with Denver, can be held liable for a charge that cannot be imposed on Arvada, a contract party with no agency powers. Desirable as it might be to have an announcement of the court upon this question, it would be improper for us to decide it in the absence of the necessary parties.
While the parties did not raise the issue, and the trial court did so only after and not before it had made its decision, we cannot ignore the fact that no persons residing in or owning property within the area served or eligible for service by Arvada were parties to the action. "[B]efore a declaratory judgment is warranted in an action such as is presented here, the court must acquire jurisdiction of all parties whose rights are to be determined or whose interests are affected." People ex rel. Inter-Church Temperance Movement v. Baker, 133 Colo. 398, 297 P.2d 273. See also Mesa County Junior College District v. Donner, 150 Colo. 156, 371 P.2d 442; Meier v. Schooley, 147 Colo. 244, 363 P.2d 653. Therefore, the trial court's determinations concerning the applicability of the tap fee charge or the distribution of the funds already collected are not binding on any users, C.R.C.P. 57(f) and (j); see Ahern v. Baker, 148 Colo. 408, 366 P.2d 366, and the judgment as to them is a nullity. See Crowe v. Wheeler, 165 Colo. 289 439 P.2d 50.
That portion of the judgment appealed from is reversed. This proceeding not having established any right in Denver to the money collected pursuant to the stipulation, the cause is remanded to the district court with directions to enter judgment directing Arvada to distribute all tap fees collected by it to the persons entitled thereto.
RULAND and STERNBERG, JJ., concur.
NOTES
[1] The rates charged Arvada are subject to adjustment depending on the then current rate structure within Denver.