## No. C-764

**The City and County of Denver, acting by and through its Board of Water Commissioners v. The City of Arvada, a municipal corporation**

(556 P.2d 76)

Decided November 8, 1976.                    Rehearing denied November 29, 1976.

Saunders, Snyder, Ross & Dickson, P.C., Wayne J. Fowler; George L. Zoellner, Kenneth L. Broadhurst, J. J. Petrock, Michael L. Walker, for petitioner.

Moses, Wittemyer and Harrison, P.C., Raphael J. Moses; Roger W. Noonan, City Attorney, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is a review on certiorari of the Colorado Court of Appeals decision in *City of Arvada v. City and County of Denver*, 36 Colo. App. 146, 539 P.2d 1294 (1975). This action involves the right of the City and County of Denver, acting by and through its Board of Water Commissioners, (here called "Denver") to collect water tap fees and the disposition of fees already collected which are in escrow. We affirm in part and reverse in part and return the matter to the court of appeals for remand with directions for a retrial.

In 1965 Denver entered into a contract with the City of Arvada (here called "Arvada") under which Denver was to supply raw water to Arvada. After treatment, the water furnished under this agreement is in large part sold and delivered by Arvada to ultimate users thereof. In the summer of 1972, effective January 1, 1973, Denver adopted a rule imposing a "System Development Charge" (*i.e.*, a tap fee). Denver expected Arvada to collect these tap fees from those to be served by Arvada, and to pay the same to Denver. On December 19, 1972 Arvada commenced an action against Denver for declaratory judgment as to Denver's right to impose the charges. On December 26, 1972 Denver and Arvada entered into a stipulation, under the provisions of which Arvada would collect the tap fees during the pendency of the litigation and place them in escrow in an interest bearing account.

At all times Arvada and Denver have been the only parties to this action in the trial and appellate courts.

In February 1974 the trial court made a ruling to the effect that Arvada did not have an obligation to collect the fees and that Denver did have the right to impose the fees upon ultimate users. The court further ruled that the imposition of the charge might involve the interests, rights and obligations of ultimate users; it therefore granted each of the parties 30 days within which to join "indispensable parties" in the action.

In its ruling the court ordered that, if neither party requested joinder of additional parties, Arvada's complaint be dismissed and that the tap fees collected be paid to Denver. Neither party requested that additional parties be joined, and the last mentioned portion of the district court's ruling became effective, which ruling was appealed by Arvada to the court of appeals. Neither party appealed the court's determination that the tap fees could not be levied upon Arvada itself.

The court of appeals rightly held that in the present posture a court could not rule whether the ultimate customers can be held liable for Denver's charge. Accordingly, the court of appeals concluded that the money collected should not be paid to Denver; rather, it directed that Arvada

distribute it "to the persons entitled thereto."

We assume that "the persons entitled thereto" are the users who paid the tap fee or their successors in interest.

In its ruling the district court, after rather extended findings and conclusions stated:

"Paragraph 72 of the [1965 contract] provides that those rules and regulations which are applicable hereunder shall apply to the various users of water supplied by Arvada. Since this Court has determined that the system development charge is a valid rule and regulation of the Board which is applicable under the terms of the Contract, then this Contract may create a privity between Denver and the users in the Arvada Service Area. The imposition of a Service Development charge may involve the interests, rights and obligations of the users in the Arvada Service Area. The Plaintiff or the Defendant is granted leave to amend their pleadings to join indispensable parties to this action, namely, the users or a representative thereof of the Arvada Service Area pursuant to C.R.C.P. Rule 23 and 57(j). Since the factors of C.R.C.P. Rule 19 (b) may be applicable to this action, the Court will grant thirty days from the date of this order to join such party or parties.

"If there be no joinder requested by either party herein within that time, then it is ORDERED, ADJUDGED, and DECREED That [Arvada's] Complaint be dismissed, that the Defendant's System Development Charge be applicable to users of water in the Arvada Service area as of January 1, 1973, that the System Development Charges collected pursuant to Stipulation and Order of the Court dated December 26, 1972, be distributed forthwith to [Denver], and that all System Development Charges collected in the Arvada Service Area following this Order shall be remitted to [Denver]."

In its opinion the court of appeals stated:

"While the parties did not raise the issue [of the absence of the users as parties], and the trial court did so only after and not before it had made its decision, we cannot ignore the fact that no persons residing in or owning property within the area served or eligible for service by Arvada were parties to the action. '[B]efore a declatory judgment is warranted in an action such as is presented here, the court must acquire jurisdiction of all parties whose rights are to be determined or whose interests are affected.' *People ex rel. Inter-Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273. *See also Mesa County Junior College District v. Donner*, 150 Colo. 156, 371 P.2d 442; *Meier v. Schooley*, 147 Colo. 244, 363 P.2d 653. Therefore, the trial court's determinations concerning the applicability of the tap fee charge or the distribution of the funds already collected are not binding on any users, C.R.C.P. 57(f) and (j) . . . .

". . . This proceeding not having established any right in Denver to the money collected pursuant to the stipulation, the cause is remanded to the

district court with directions to enter judgment directing Arvada to distribute all tap fees collected by it to the persons entitled thereto."

C.R.C.P. 19(a) and (b) provides in part:

"A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties . . . . If he has not been so joined, the court shall order that he be made a party. . . .

"If a person described in subsections (a) (1) and (a) (2) of this Rule cannot be made a party, the court shall determine whether in the interest of justice the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable. . . ."

The rule continues with a description of the factors to be considered by the court.

■ C.R.C.P. 57 relates to declaratory judgment. Paragraph (j) provides in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . ."

Among the authorities we have considered are *Jacobucci v. District Court*, 189 Colo. 380, 541 P.2d 667 (1975); *People ex rel. Inter-Church Temperance Movement v. Baker*, 133 Colo. 398, 297 P.2d 273 (1956); *City of Arvada v. City and County of Denver*, 36 Colo. App. 146, 539 P.2d 1294 (1975); *Potts v. Gordon*, 34 Colo. App. 128, 525 P.2d 500 (1974); and Annot., 71 A.L.R.2d 723.

The stipulation of December 26, 1972 provides that, "pending final determination of this matter," Arvada will collect the tap fees and place them in a separate interest-bearing account. We assume that the tap fees are still being collected and are going into escrow by being placed in this account.

■ We have concluded that this is a case in which the trial court had and currently has an obligation to bring in the users (or their successors in interest) who have paid these tap fees for a determination of the undetermined issues, irrespective of the fact that neither of the present parties moved for joinder. In ruling that the trial court *sua sponte* should bring in needed additional parties in this case, we do not lay down a general rule as to when the joinder of additional parties is mandatory and when it is discretionary with the trial court. In the particular circumstances of this case, it is necessary that there be joinder of the persons who may have or claim an interest in the funds.

Similarly, we do not indulge in a discussion of whether these are "necessary" or "indispensable" parties.

We see a situation in which a court has been asked to determine the disposition of escrowed money. As a pragmatic matter, we must recognize

that the money is there and that there is a duty on the part of the judiciary, once asked, to reach a decision on the merits; and to do so here means that the trial court must *sua sponte* join the parties necessary to a determination as to who gets the money.

We leave to the district court the question of whether it can and should under C.R.C.P. 23 bring in representatives of a class, rather than all of the persons interested.

The decision of the court of appeals is affirmed in part and reversed in part as indicated earlier in this opinion. The cause is returned to it for remand consonant with the views here expressed.

MR. JUSTICE CARRIGAN concurs in the result.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE CARRIGAN concurs in result only:

I concur in the result but, for the guidance of trial courts in future cases, would hold that in the special circumstances here presented, the trial court had no discretion. Where the persons who have paid the tap fees in dispute, or their representatives, are readily ascertainable and may assert rights to the tap fees, they must be joined in a declaratory judgment action. Otherwise, the trial court's order that Denver receive the tap fees collected by Arvada may dispose of money belonging to nonparties without giving them any notice or opportunity to be heard.

When read together, C.R.C.P. 19(a) and 57(j) mandate that those who have paid the tap fees, or their representatives, be made parties.

This result is clearly indicated by *People ex rel. Inter-Church Temperance Movement v. Baker*, 133 Colo. 398, 408, 297 P.2d 273,279 (1956), where we said:

"The indispensable and necessary parties in any declaratory judgment action are those who have conflicting legal interests in the controversy to be adjudicated and whose rights will be affected thereby, and the trial court should insist that jurisdiction be obtained of all such parties either personally or in an appropriate class action under the provisions of Rule 23, R.C.P.Colo.; otherwise the court should dismiss the action, for a declaratory judgment action is intended to completely terminate the controversy, and if the court does not have jurisdiction of such interested parties, its judgment would not settle the questions presented and thus lead to multifarious litigation."

If the entire action is not to be dismissed without prejudice (and without awarding the tap fees to either Denver or Arvada), those who have paid the tap fees must be joined.