565 P.2d 952 (1977)
RADIOLOGY PROFESSIONAL CORPORATION, a Colorado Corporation, Plaintiff-Appellee,
v.
TRINIDAD AREA HEALTH ASSOCIATION, INC., a Colorado non-profit Corporation, Stanley H. Biber, Gloria Skufca, Hanns Schwyzer and Guidbaldo Jimenez, Defendants-Appellants.
No. 76-056.
Colorado Court of Appeals, Div. II.
March 3, 1977.
Rehearing Denied March 31, 1977.
Certiorari Granted June 13, 1977.
*953 Pendleton, Sabian & Landeck, P.C., Alan C. Friedberg, Denver, for plaintiff-appellee.
Saunders, Snyder, Ross & Dickson, P.C., Henry C. Cleveland, III, Wayne J. Fowler, Denver, for defendants-appellants.
PIERCE, Judge.
Plaintiff, Radiology Professional Corporation, sued Trinidad Area Health Association (the Association) and four physicians alleging breach of contract by the Association and tortious interference with contract by the individual defendants. The physicians are members of the medical staff of a hospital owned and operated by the Association. A jury found in favor of plaintiff on both claims. We reverse.
The Association contracted with plaintiff for radiology services to be performed at the hospital. This contract provided that plaintiff would furnish to the hospital "all radiology services it may require," including performance of radiology services to patients "upon request" by any member of the medical staff. The agreement called for a percentage payment to plaintiff of radiology billings "for services rendered by plaintiff."
Initially, all staff requests for radiological services were directed to plaintiff. *954 Then, approximately nine months after execution of the agreement, the individual defendants ordered that two radiologists not associated with plaintiff would perform future radiological services for their patients. The administrator of the hospital contemporaneously issued a memorandum stating that plaintiff was not to be paid for services rendered by these other radiologists. It is undisputed that the number of staff requests for radiology services by plaintiff substantially decreased, resulting in a reduction in payments to it. Approximately one month after the request by the individual defendants for consultation with other radiologists, the plaintiff ceased providing services to the hospital, and removed its employee from the premises. It instigated this lawsuit, alleging that the Association had breached its contract and that the four individual defendants had induced that breach.
The trial court should have granted directed verdicts of non-liability on all claims. The argument advanced supporting the propriety of directed verdicts in favor of the individual defendants is that those physicians had an absolute right, absent an express contractual undertaking by them to the contrary, to consult with any radiologist regarding the treatment of their patients. They argue that this constitutes a complete defense to plaintiff's claim. It is also contended that the verdict against the Association must be set aside for failure of proof. We agree with each of these contentions.
The tort of intentionally inducing breach of contract has been recognized in Colorado. Comtrol, Inc. v. Mountain States Telephone & Telegraph Co., 32 Colo.App. 384, 513 P.2d 1082 (1973). No liability attaches, however, where the act claimed to have caused the breach is undertaken in the exercise of an absolute right, that being conduct which the actor has a definite legal right to engage in without qualification. International Association of Machinists v. Southard, 170 Colo. 119, 459 P.2d 570 (1969). See also Bunnell v. Bills, 13 Utah 2d 83, 368 P.2d 597 (1962); Augustine v. Trucco, 124 Cal.App.2d 229, 268 P.2d 780 (1954).
Although the exercise of an absolute right or privilege is similar to the affirmative defense of justification, significant differences exist. An absolute right may be exercised without liability regardless of motivation, thereby presenting a question of law. Justification requires that the factfinder determine whether the alleged interference was warranted under the particular circumstances, thus necessitating a balancing of conflicting interests. Barlow v. International Harvester Co., 95 Idaho 881, 522 P.2d 1102 (1974); Schaeffer v. King, 223 Ga. 468, 155 S.E.2d 815 (1967). See also Watson v. Settlemeyer, 150 Colo. 326, 372 P.2d 453 (1962); Order of Railway Conductors v. Jones, 78 Colo. 80, 239 P. 882 (1925). See generally Annot., 26 A.L.R.2d 1227 (1952). Cf. Cal-Medicon v. Los Angeles County Medical Ass'n, 20 Cal.App.3d 148, 97 Cal.Rptr. 530 (1971).
The respective boundaries of absolute right and qualified justification have not yet been firmly established. Barlow v. International Harvester Co., supra. For example, we have found no judicial decision precisely on point here. A number of absolute rights have been established, however, premised on such interests as property ownership, contractual entitlement, or freedom of contract. See Bliss v. Southern Pacific Co., 212 Ore. 634, 321 P.2d 324 (1958). See also International Association of Machinists v. Southard, supra.
The issue to be determined here is whether a physician has an absolute right regarding professional consultation in the treatment of patients, absent personal or representative participation in a contrary contractual undertaking. We conclude that such an absolute right must be recognized. Holman v. Coie, 11 Wash.App. 195, 522 P.2d 515 (1974), cert. denied, 420 U.S. 984, 95 S.Ct. 1415, 43 L.Ed.2d 666 (1975). See also Master Builders' Ass'n v. Domascio, 16 Colo. App. 25, 63 P. 782 (1901). Hence, the individual defendants are not liable for refusing to use the services of plaintiff for radiological consultation allegedly in disregard of plaintiff's contract with the Association. International Association of Machinists v. Southard, supra.
*955 The testimony established that, although the hospital was authorized to provide a staff radiologist for consultation with staff physicians, the individual physicians remained free to request consultation with other persons. It was also undisputed that the hospital was bound to honor such requests. There was no evidence that the Association had the authority contractually to bind the staff physicians to exclusive consultation with plaintiff. See Gates v. Hepp, 95 Colo. 285, 35 P.2d 857 (1934). See also Denver v. Arvada, Colo., 556 P.2d 76 (1976); Arvada v. Denver, 36 Colo.App. 146, 539 P.2d 1294 (1975).
Since there was no evidence that the individual defendants were parties to the contract between the Association and the plaintiff, obviously no action for breach lies against those defendants. Barbara's Lighting Center, Inc. v. Churchill, 35 Colo.App. 439, 540 P.2d 1110 (1975). Nor are they liable for any effects on plaintiff's entitlement under the contract which resulted from their decision not to consult with the radiologist provided by the plaintiff. See International Association of Machinists v. Southard, supra. Hence, directed verdicts in favor of the individual defendants were warranted.
Nor can the verdict against the Association stand. Although the plaintiff asserts that its contract with the Association was exclusive and required all radiological services desired by staff to be performed by plaintiff, this contract was subject to the absolute right of the staff members to consult with other radiologists. By contract, the hospital was only required to have plaintiff perform staff-requested radiological services, and if plaintiff performed no services, no payments were due it.
Hence, no breach of contract by the Association occurred. At no point did hospital administrators make any effort to exclude or limit the services requested of plaintiff. The Association did not enter into a new contract for performance of radiology services until after plaintiff discontinued all service. So long as plaintiff's employee remained in attendance at the hospital, all radiological services requested of it by the staff were performed and credited to plaintiff. Under these circumstances, the Association was entitled to a directed verdict of nonliability on the breach of contract claim. See Case v. Kadota Fig Ass'n of Producers, 35 Cal.2d 596, 220 P.2d 912 (1950).
Judgment reversed.
VanCISE and KELLY, JJ., concur.