STANLEY C. CAMPBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentCampbell v. CommissionerDocket No. 12868-81.United States Tax CourtT.C. Memo 1983-393; 1983 Tax Ct. Memo LEXIS 396; 46 T.C.M. (CCH) 668; T.C.M. (RIA) 83393; July 7, 1983. *396 Held: Additions to tax are sustained for each of the years 1974 through 1978 under section 6653(b) (fraud), I.R.C. 1954. Stanley C. Campbell, pro se. Cynthia J. Olson, for the respondent. CHABOTMEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under sections 6653(b) 1 (fraud) and 6654(a) (underpayment of estimated tax) against petitioners as follows: Additions to TaxYearDeficiency 2Sec. 6653(b) 3*397 Sec. 6654(a)1974$1,373.98$686.99$24.2419753,791.241,895.62156.3519768,091.964,045.98302.1119775,782.322,891.17128.9019787,216.603,608.30121.14The issue for decision is whether petitioner is liable for additions to tax under section 6653(b) for each of the years in issue, or alternatively, if we conclude that he is not so liable as to any of these years, whether petitioner is liable for additions to tax under sections 6651(a) and 6653(a) for any such year. When the petition in this case was filed, petitioner resided in Chadron, Nebraska. On November 17, 1982, respondent served on petitioner his request for admissions, with attached exhibits. On November 29, 1982, respondent's request was filed with the Court pursuant to Rule 90. 4*398 *399 Petitioner failed to respond to this request, and so these admissions are deemed admitted and are conclusively established for purposes of the instant case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 P.2d 954 (CA5 1978). The matters so established are as follows: 1. The petitioner failed to file federal income tax returns for the axable years 1974, 1975, 1976, 1977 and 1978, although he was aware at all times pertinent herein, that he was required to file such returns. 2. Attached hereto as Exhibit A is a copy of the Form 1040 filed by petitioner for the taxable year 1974. [The Exhibit A that is referred to, indicates in answer to every line either "OBJECT: 5th Amendment" or "none" except the lines for name; present home address; city, State and ZIP code; county of residence; filing status (married filing separately); "Total Federal income tax withheld"; and the "Amount * * * to be REFUNDED TO YOU", the latter two of which each states $509.02. The Form 1040 appears to be signed by petitioner and is dated "4-12-75". The Form 1040 states at the bottom *400 the following: "INCLUDED: TAX SLAVERY OR MANHOOD BY MARVIN COOLEY, 20 PAGES OF TAX-RELATED MATERIAL, HANDBOOK OF INFORMATION FOR TRIAL JURORS, THE CONSTITUTION OF THE UNITED STATES, SHERIFF'S [the remainder is illegible] * * *." Attached to the Form 1040 are 67 pages of articles and letters, along with the copy of the Constitution, including those documents mentioned at the bottom of the return. The article which is illegibly referred to at the bottom of the first page of the Form 1040 appears to be "Sheriff's Posse Comitatus".] 3. The petitioner during each of the taxable years 1974 through 1978, inclusive, was employed with the Chicago and Northwestern Transportation Co., Chadron, Nebraska. 4. The petitioner during each of the taxable years 1974 through 1978, inclusive, was engaged in a farming business on a cropshare basis with his mother-in-law, Eula Redfern. 5. On or about February 27, 1974, petitioner filed with his employer, Chicago and Northwestern Transportation Co., an Employee's Withholding Allowance Certificate (Form W-4) on which he claimed a total of two withholding allowances.Attached as Exhibit B is a copy of that certificate. 6.On or about September 11, 1974, *401 petitioner filed with his employer, Chicago and Northwestern Transportation Co., an Employee's Withholding Allowance Certificate (Form W-4) on which he claimed a total of 15 allowances, which number he knew far exceeded the number of allowances to which he was entitled.Attached as Exhibit C is a copy of that certificate. [In response to the item on the Form W-4 (Exhibit C) "1. Total number of allowances you are claiming" is the handwritten number "15". Immediately above the signature line is the handwritten statement "I am anticipating heavy expenses this year", and the following printed sentence is lined through: I certify that to the best of my knowledge and belief, the number of withholding allowances claimed on this certificate does not exceed the number to which I am entitled.] 7. On or about October 14, 1975, April 28, 1976 and April 30, 1977, petitioner filed with his employer, Chicago and Northwestern Transportation Co., Exemption From Withholding Certificates (Forms W-4E) on which he certified under the penalties of perjury that he incurred no liability for federal income tax for the preceding taxable year and that he anticipated that he would incur no liability for federal *402 income tax for the current year. At the time petitioner filed said certificates he knew in each case he had incurred a federal income tax liability for the preceding year and that he would incur a tax liability for the current year. Attached as Exhibits D, E and F are copies of the Forms W-4E filed by petitioner on October 14, 1975, April 28, 1976 and April 30, 1977, respectively. [Exhibit D includes the following handwritten statement: "please withdraw former W-4 form". Each of Exhibits D, E, and F has an attachment which appears to assert that the petitioner has no Federal income tax liability because "Federal Reserve Notes are not money", "there are so many loop holes for the rich and special privileged that the Income Tax constitutes the unequal application of the law and denies me the equal protection of the laws", and that the 16th amendment "was not legally ratified" and "is not validly a part of the Constitution".] 8. The petitioner herein is the same person who was the defendant in the case of United States v. Stanley C. Campbell, in the United States District Court for the District of Nebraska, Omaha, (Docket No. CR 77-L-27). 9. Count I of the Criminal Information *403 filed on September 9, 1977, in said criminal case charged that Stanley C. Campbell, on or about September 11, 1974, willfully supplied a false and fraudulent statement to the Chicago and Northwestern Transportation Co. on which he claimed 15 withholding exemptions, when he was entitled to claim only two withholding exemptions, in violation of I.R.C. § 7205. 5*404 10. Count II of said Criminal Information charged that Stanley C. Campbell, on or about October 14, 1975, willfully supplied a false and fraudulent Form W-4E to the Chicago and Northwestern Transportation Co., in violation of I.R.C. § 7205. 11. On December 14, 1977, a jury found Stanley C. Campbell guilty of both counts of the aforesaid Criminal Information. 12. On August 3, 1978, the United States Court of Appeals for the Eighth Circuit affirmed petitioner's conviction. 13. On October 30, 1978, the United States Supreme Court denied petitioner's writ for certiorari relative to his appeal from the decision of the United States Court of Appeals for the Eighth Circuit. 14. During the taxable years 1974, 1975, 1976, 1977 and 1978, petitioner received gross wages from Chicago and Northwestern Transportation Co. in the respective amounts of $5,793.59, $9,100.15, $19,521.09, $17,932.89 and $17,917.57. 15. Federal income taxes were withheld from petitioner's wages by the Chicago and Northwestern Transportation Co. during the taxable years 1974, 1975, 1976, 1977 and 1978 in the respective amounts of $492.88, $55.66, $ 0, $1,872.56 and $2,668.24. Petitioner made no other *405 payments of federal income taxes for the taxable years 1974 through 1978. 16. The filing of false Forms W-4 and W-4E by petitioner caused his employer to withhold no or inadequate amounts of federal income taxes from his wages for the taxable years 1974, 1975, 1976 and 1977. 17. During the taxable years 1975, 1976, 1977 and 1978 petitioner received his share of taxable grain sale income in connection with the crop-sharing arrangement he had with his mother-in-law, Elva [sic] Redfern, in the respective amounts of $6,260.99, $6,937.20, $3,970 and $6,990.00. 18. Petitioner's share of deductible farm expenses during the taxable years 1974, 1975, 1976, 1977 and 1978 in connection with the aforementioned crop-sharing arrangement ammounted [sic] to $161.98, $66.77, $114.38, $114.38 and $114.38, respectively. 19.During the taxable years 1974 and 1975 petitioner received farm and/or miscellaneous income in the respective total amounts of $2,376.87 and $411.91, which income was deposited to his checking account at First National Bank, Chadron, Nebraska, as follows: Deposit DateAmountDeposit DateAmount1-25-74$ 100.008-08-75$100.006-05-74500.008-29-75200.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.5010-14-7526.917-08-74160.0012-22-7525.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.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.007-15-74280.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.009-05-74115.00$411.9110-04-74115.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.0010-04-74613.0012-19-74314.37$2,376.8720. *406 The petitioner received taxable income for the taxable years 1974, 1975 and 1976 in the respective amounts of $6,258.48, $13,656.28 and $24,193.91, consisting of the items and amounts, as follows: Items197419751976Wage income$5,793.59 $ 9,100.15 $19,521.09 Other farm and/ormiscellaneous income2,376.87 411.91 Farm income6,260.99 6,937.20 Farm expenses(161.98)(66.77)(114.38)Standard expenses(1,000.00)(1,300.00)(1,400.00)Personal exemptions(750.00)(750.00)(750.00)Taxable income$6,258.48 $13,656.28 $24,193.91  21. The petitioner received taxable income for the taxable years 1977 and 1978 in the respective amounts of $21,038.51 and $24,043.19, consisting of the items and amounts, as follows: Items19771978Wage income$17,932.89 $17,917.57 Farm income6*407 3,970.78 6,990.00 Farm expenses(114.38)(114.38)Personal exemptions(750.00)(750.00)Taxable income6 $21,038.51 $24,043.19 22. The income tax due and payable by the petitioner for the taxable years 1974, 1975, 1976, 1977 and 1978 are in the respective amounts of $881.10, $3,735.58, $8,091.96, $3,909.76 and $4,548.36. [These are the amounts of the deficiencies less the amounts withheld, per par. 15 of respondent's request for admissions.] 23. The petitioner refused to submit for examination by the respondent any books and records relative to his employment and farming activities during the taxable years 1974 through 1978, inclusive. On January 28, 1983, the Court conducted a telephone conference call with the parties, during which the effect of Rule 90 was pointed out to petitioner. Petitioner was reminded of the up-coming trial session and of the Court's Rules emphasizing the importance of stipulations. Petitioner was urged to gather any books and records he might have for the years in question and present them to respondent (for stipulations or settlement) and to the Court. On February 7, 1983, the instant case was called for trial in Denver, Colorado (the place of trial requested by petitioner), but neither petitioner nor anyone representing him appeared on his behalf. *408 Respondent's counsel stated that after the conference call on January 28, 1983, respondent sent a letter to petitioner asking for (1) a list of witnesses who could verify information on petitioner's behalf and (2) any documents which petitioner wished to have considered in the case, but petitioner had not responded to this letter. Respondent then moved to dismiss the instant case for lack of prosecution, and asked the Court to decide that petitioner is liable for the deficiencies and additions to tax determined by respondent in the notice of deficiency. On February 9, 1983, petitioner having again failed to appear, the Court granted respondent's motion to dismiss as to the deficiencies and the additions to tax under section 6654 (the underpayment of estimated tax), and took under advisement the issue of the additions to tax under section 6653(b) (fraud). The Court conducted another telephone conference call with the parties. Petitioner requested the right to file a memorandum brief on the fraud issue. On February 9, 1983, the Court directed that respondent's trial memorandum be filed as his opening memorandum brief. On that date, the Court ordered that petitioner's answering *409 memorandum brief be filed on or before April 25, 1983, and that respondent's reply memorandum brief be filed on or before May 25, 1983. On April 25, 1983, a letter (dated April 20, 1983) was filed with the Court and treated as petitioner's answering brief.In part, the letter states: In my previous dealings with the IRS I depended on the Constitution as my reason for the actions I took, also the Word of God from which our Constitution was raised, neither of which was recognized by either court, which leads me to the question--if the U. S. Constitution is not allowed in the court room, was I under a different set of rules or laws? It is only fair that I be informed if this is the case concerning the tax court. Since I came under jurisdiction by such trickery and cunning legalese, I lost my status as a freeman at law. In this position however, I now have standing to ask you the exact type of jurisdiction you exercise over me, and the Privacy Act of 1974 orders you to answer my questions concerning your authority over me. [There follows three questions as to the "jurisdiction of the I.R.S.".] In order to properly defend myself I must know the jurisdiction I am under because I cannot *410 fight equity with law or law with equity or international equity with 5 U.S.C. On May 23, 1983, respondent's reply memorandum brief was filed. As to the additions to tax under section 6653(b), 7 respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment for each year in issue, and that some part of each such underpayment is due to fraud. Sec. 7454(a); 8*411 Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; 9Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978)), and by deemed admissions ( Doncaster v. Commissioner,77 T.C. 334, 337 (1981); see Freedson v. Commissioner,supra). As to the existence of an underpayment, we conclude that respondent has proven this fact as to each year in issue based on the facts deemed admitted in paragraphs 1-4 and 14-22 of the request for admissions, supra. As to the existence of fraud as to some part of each such underpayment, we conclude, following *412 Doncaster v. Commissioner,supra, that the facts deemed admitted in paragraphs 1, 2, 5-7, 11, 16, and 23 of the request for admissions, along with Exhibits A through F attached thereto, establish the existence of such fraud in each year in issue. Specifically, these deemed admissions and exhibits establish that (1) petitioner failed to file returns for each such year 10 although he knew he was required to do so; (2) during 1974, he first filed a Form W-4 with his employer showing he was entitled to two withholding allowances, but subsequently filed a Form W-4 with his employer showing he was entitled to 15 such allowances, knowing that he was not; (3) thereafter in 1975, 1976, and 1977, he filed Forms W-4E stating under penalties of perjury that he did not incur any Federal income tax liability for the preceding tax year and did not anticipate that he would incur any such liability in the year to which each such form relates, knowing that that was not the case; and (4) he refused to submit for examination by the respondent any books and records as to his employment with Chicago and Northwestern Transportation Co. or farming activities during any of the years in issue. This combination *413 convinces us of the existence of fraud in each of the years in issue. See Rowlee v. Commissioner, 80 T.C.     (June 15, 1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). We hold for respondent. 11An appropriate order and decision will be entered.Footnotes1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in ffect for the years in issue. ↩2. Of these amounts, $174.98 for 1974 and $394.98 for 1975 are self-employment taxes under chapter 2; the remainders (and the total deficiencies for 1976, 1977, and 1978) are chapter 1 income taxes. ↩3. In the answer, pursuant to section 6214, respondent asserts in the alternative that, if the Court determines that petitioner's underpayments were not due to fraud, then petitioner is liable for additions to tax under sections 6651(a) (failure to file timely return) and 6653(a) (negligence, etc.) as follows: ↩Additions to TaxYearSec. 6651(a)Sec. 6653(a)1974$220.28$68.701975933.90189.5619762,022.99404.601977977.44289.1219781,137.09360.834. Rule 90 provides, in relevant part, as follows: RULE 90. REQUESTS FOR ADMISSION (a) Scope and Time of Request: A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters which are not privileged and are relevant to the subject matter involved in the pending action, provided such matters are set forth in the request and relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * (b) The Request: * * * The party making the request shall serve a copy thereof on the other party, and shall file the original with proof of service with the Court. (c) Response to Request: Each matter is deemed admitted unless, within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (i) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (ii) an objection, stating in detail the reasons therefor. The response shall be signed by the party or his counsel, and the original thereof, with proof of service on the other party, shall be filed with the Court. * * * (e) Effect of Admission: Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission. * * * Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩5. SEC. 7505.FRAUDULENT WITHHOLDING EXEMPTION CERTIFICATE OR FAILURE TO SUPPLY INFORMATION. Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both. [The subsequent amendments of this provision (by sec. 721(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 341, and by sec. 306(b) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 588) do not apply to the years in issue.] 6. Paragraph 17 of respondent's request for admissions shows farm income for 1977 of $3,970. The "Taxable income" in the paragraph 21 table for 1977, and the taxable income shown on the notice of deficiency, are computed using farm income of $3,970, not the $3,970.78 shown on the "Farm income" line of the paragraph 21 table.7. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩8. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. [This language reflects a 1976 amendment which does not affect the instant case.]↩9. T.C. Memo. 1966-81↩.10. The Form 1040 filed by petitioner for 1974 does not constitute an income tax return. Reiff v. Commissioner,77 T.C. 1169, 1177-1179↩ (1981).11. Because of this conclusion, we need not reach respondent's motion as it relates to the alternative contention that petitioner is liable for additions to tax under sections 6651(a) (failure to file timely return) and 6653(a) (negligence, etc.).↩