**Guenther Paul STIEGHORST, Plaintiff-Appellant,**

v.

**Alan CHARNES, Executive Director, Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

No. 82CA1335.

Colorado Court of Appeals, Div. I.

Oct. 27, 1983.

Certiorari Denied Jan. 16, 1984.

Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Roger M. Morris, Asst. Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Guenther Paul Stieghorst, appeals the revocation of his driver's license by the Department of Revenue under the implied consent law. We affirm.

A police officer stopped Stieghorst after observing the emission of smoke and sparks from the vehicle Stieghorst was driving. The officer detected the odor of alcohol on Stieghorst's breath and observed that Stieghorst had difficulty walking or standing in one place. Because the nature of Stieghorst's condition seemed apparent, a roadside sobriety test was not conducted.

At police headquarters, an implied consent advisement form was read and given to Stieghorst. Stieghorst declined to take a chemical test, telling the officer in effect that it was apparent that he had been drinking, and there was no need for a test.

The hearing officer found that the arresting officer had reasonable grounds to believe Stieghorst was operating a motor vehicle while under the influence of alcohol, concluded that Stieghorst did not comply with the implied consent statute, and revoked his driver's license for a period of three months. The district court affirmed.

■ Stieghorst now asserts that his advisement was inadequate because he was not given an opportunity to read the implied consent form. We disagree.

The basis for the assertion is that Stieghorst was unable to read the form because he did not have his eyeglasses with him. However, the hearing officer found, from conflicting evidence, Stieghorst did not advise the police officer that he desired to obtain his eyeglasses. Further, the police officer advised Stieghorst "orally and by written notice" of his "rights under the law and the probable consequences of a refusal to submit to such a test." Section 42-4-1202(3)(b), C.R.S.1973 (1982 Cum. Supp.). Therefore, Stieghorst was not deprived of the opportunity to read the form, if he so desired, and his failure to do so does not serve to nullify the advisement. *See Herren v. Motor Vehicle Division*, 39 Colo.App. 146, 565 P.2d 955 (1977).

■ Stieghorst further contends that the advisement was improper because the offi-

cer explained that failure to take the test would result in suspension, whereas it results in revocation of an operator's license. This contention is without merit. Stieghorst, who testified that he did not recall being advised by the officer of the consequences of his refusal, has not shown that he was in any way misled, prejudiced, or adversely affected by the allegedly erroneous advice. *See Fish v. Charnes*, 652 P.2d 598 (Colo.1982).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.