**BLACK HAWK–CENTRAL CITY ACE EXPRESS, INC., and Casino Transportation, Inc., Plaintiffs–Appellees,**

v.

**Robert E. ENTRUP and A Bus Ride, Inc., Defendants–Appellants.**

No. 97CA0075.

Colorado Court of Appeals,
Div. IV.

Feb. 19, 1998.

Certiorari Denied Sept. 21, 1998.

Kimball & Nespor, P.C., Charles J. Kimball, Denver, for Plaintiff–Appellee Black Hawk–Central City Ace Express, Inc.

James A. Beckwith, Arvada, for Plaintiff–Appellee Casino Transportation, Inc.

Robert N. Entrup, Pro Se.

No Appearance for Defendant–Appellant A Bus Ride, Inc.

Opinion by Chief Judge HUME.

Defendants, Robert N. Entrup and A Bus Ride, Inc., appeal the trial court's injunction barring them from operating scheduled passenger bus service without authorization from the Colorado Public Utilities Commission (PUC). We affirm.

In April 1994, Entrup, president and sole manager of A Bus Ride, Inc., began operating scheduled passenger bus service without first obtaining authorization from the PUC to do so.

In November 1994, plaintiffs, Black Hawk–Central City Ace Express, Inc., and Casino Transportation, Inc., operators of competing services, sought and obtained a preliminary injunction against defendants.

Defendants ceased operations and applied for an emergency writ from the supreme court. The court issued a rule to show cause and granted a stay of the preliminary injunction. On February 2, 1995, the court discharged its rule to show cause as having been improvidently granted. As a result, the preliminary injunction was reinstated.

On February 17, 1995, defendants filed a "Motion to Reconsider Granting of Preliminary Injunction, or in the Alternative, to Stay Injunction Pending Trial." In this motion, defendants raised, for the first time before the trial court, the contention that they did not have to obtain PUC authorization pursuant to a statutory exemption under § 40–10–104(3), C.R.S.1997. The trial court denied the motion on March 1, 1995, finding defendants' arguments unpersuasive.

A permanent injunction issued on December 12, 1996, and this appeal followed.

Defendants first contend that the trial court erred in entering the preliminary and permanent injunctions. They argue that the court committed certain procedural errors and did not make a prerequisite finding of

irreparable harm before granting plaintiffs' motion. We disagree.

A trial court's grant or denial of a preliminary injunction is an appealable order. C.A.R. 1(a)(3); *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968).

The grant or denial of a preliminary injunction lies within the sound discretion of the trial court. *Rathke v. MacFarlane,* 648 P.2d 648 (Colo.1982).

■ Here, at the preliminary injunction hearing, the court granted defendants a brief recess to obtain legal representation. Although defendants talked with a person who agreed to review the case, they failed to reach an attorney willing to represent them immediately. Defendants did not object to the court proceeding to hear plaintiffs' motion. Thus, they have waived their right to challenge this procedure on appeal. *See Blades v. DaFoe,* 704 P.2d 317 (Colo.1985).

Plaintiffs' motion before the court requested a temporary restraining order (TRO) or, in the alternative, a preliminary injunction. Thus, the court did not turn the hearing from a request for a TRO into a motion for preliminary injunction on its own motion.

In granting the motion for preliminary injunction, the trial court expressly found that irreparable harm would result if the injunction were not granted. Hence, the trial court did not abuse its discretion in granting plaintiffs' motion for preliminary injunction.

Defendants next contend that they were not required to obtain PUC authorization for their operations because such operations were exempt from authorization under § 40-10-104(3). They argue that because their buses are equipped to transport persons confined to wheelchairs, they are in compliance with § 40-10-104(3) and, thus, are entitled to exemption from PUC authorization. We reject this contention.

According to § 40-10-104(3): "[Article 10 of Title 40] shall not apply to motor vehicles designed and used for the nonemergency transportation of individuals with disabilities as defined in section 42-7-510(2)(b), C.R.S."

Section 42-7-510(2)(b), C.R.S.1997, defines such motor vehicle as "any motor vehicle designed to facilitate the loading of individuals with physical disabilities confined to a wheelchair...."

Defendants' argument was considered and rejected by the PUC in an unrelated case in which defendants filed an *amicus curiae* brief. The PUC determined that such a broad interpretation of the statute would be inconsistent with the overall regulatory scheme and would, in effect, repeal the existing statutes regulating passenger bus service. Instead, the PUC ruled that, to be exempt, such vehicles must be designed to transport individuals confined to wheelchairs, and actually must be used solely to transport such individuals.

The interpretation of a statute by administrative officials charged with its enforcement is to be given deference by the courts. *Bluewater Insurance Ltd. v. Balzano,* 823 P.2d 1365 (Colo.1992).

■ The PUC's interpretation gives consistent, harmonious, and sensible effect to the statutory scheme, while defendant's proposed interpretation would have an absurd result. *See Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo.1996); *In re Marriage of Wall,* 851 P.2d 224 (Colo.App. 1992). Thus, we agree with the PUC's interpretation of the statute in question and conclude that defendants were not exempt under § 40-10-104(3) from having to obtain authorization prior to operating their bus service.

The injunction is affirmed.

Judge NEY and Judge RULAND concur.